THE STATE, EX REL. COLUMBUS AND SOUTHERN OHIO
ELECTRIC COMPANY, *v.* INDUSTRIAL COMMISSION OF OHIO.

[Cite as State, ex rel. Columbus and Southern, v. Indus.
Comm. (1979), 65 Ohio App. 2d 83.]

(No. 79AP-43—Decided June 14, 1979.)

*Messrs. Porter, Wright, Morris & Arthur, Mr. Charles J. Kurtz, III,* and *Ms. Roberta Y. Bavry,* for relator.

*Mr. William J. Brown,* attorney general, and *Mr. Robert L. Holder,* for respondent.

*Mr. Gus Robbins-Penniman,* for respondents-intervenors Traci R. Keller *et al.*

McCormac, J. The Columbus and Southern Ohio Electric Company, relator, seeks the issuance of a writ of mandamus from this court setting aside the reapportionment of death benefits arising from the death of Jack S. Keller on the basis that respondent Industrial Commission of Ohio grossly abused its discretion.

The issue is whether the Industrial Commission of Ohio has the authority and jurisdiction to reapportion death benefits to remaining dependents in the event one dependent to whom part of the gross death benefit was previously apportioned becomes ineligible for further awards pursuant to R. C. 4123.59.

On September 12, 1974, Jack S. Keller died as a result of an injury sustained in the course of and arising out of his employment with relator. On October 3, 1974, an application for death benefits was filed under the Ohio Workers' Compensation law. Relator, a self-insured employer, allowed the claim and commenced payments to the widow, Colleen Keller. On Decembver 26, 1974, the following order was issued:

"The Application for Death Benefits filed 10-3-74 is herewith granted as specifically set forth in this order.

"That the Death Claim be allowed.

"That the Administrator finds from proof on file that decedent's widow, Colleen R. Keller and decedent's two (2) minor children, namely Jason C. Keller and Traci R. Keller were wholly dependent upon the decedent for support at the time of his death.

"That a death award, payable at $112.00 per week be granted to decedent's widow and to decedent's minor children, as named above, and be apportioned as follows:

"$82.00 per week for the widow-claimant, Colleen R. Keller, approximately 21 years of age from 9-13-74 until further order.

"$15.00 per week for decedent's minor child, Jason C. Keller from 9-13-74 through 3-3-91.

"$15.00 per week for decedent's minor child, Traci R. Keller from 9-13-74 through 4-18-92.

"Payment of the total weekly benefits to be made to decedent's widow, for the use and benefit of herself and decedent's minor children, as named above.

"Payment of the widow-claimant's share in the death benefits to continue without suspension unless future facts and circumstances, such as the widow-claimant's remarriage, warrant the stopping of payment in accordance with the Statute. In the event the widow-claimant remarries she is hereby ordered to notify the Bureau of Workmen's Compensation Claims Section, Ohio Depts., Bldg., Columbus, Ohio 43215 of her remarriage, whereupon this order will be supplemented by an additional final award of compensation to be paid to the widow-claimant in a lump sum as her final share in the death benefits.

"Payment of each child's share in the death benefits shall continue at the applicable weekly rate until he reaches the age of 18 years. In the event of any of decedent's children, upon reaching the age of 18 years, enroll as full time students in an accredited educational institution payment will be reinstated and made directly to said child upon submission of proof of enrollment and thereafter payment will be extended for each academic year until such child reaches the age of 25 years, unless said enrollment is discontinued, in which case the child shall immediately notify the Bureau of Workmen's Compensation for proper action."

In January 1976, Colleen Keller remarried and became Colleen Kellner. Relator paid Colleen Kellner two years compensation in a lump sum of $8,528, pursuant to R. C. 4123.59, terminating her interest in the claim. Relator continued to make payments of $15 to each minor child for the next two years.

On May 20, 1977, Colleen filed a motion for reapportionment of the $82 weekly payment, previously made to her, requesting that it be paid to her two children. A hearing was held and the district hearing officer ordered:

"That on and subsequent to 1-26-78, decedent's minor child, Jason C. Keller receives the sum of $56.00 per week un-

til 3-3-91 and that decedent's minor child, Traci R. Keller the sum of $56.00 per week until 4-18-92.

"Payment of each child's share in the death benefits shall continue at the applicable weekly rate until he or she reaches the age of 18 years. In the event that any of decedent's children, upon reaching the age of 18 years, enroll as full time students in an accredited educational institution, payment will be reinstated and made directly to said child upon submission of proof of enrollment and thereafter payment will be extended for each academic year until such child reaches the age of 25 years, unless said enrollment is discontinued, in which case the child shall immediately notify the Bureau of Workers' Compensation for proper action.

"Widow-Claimant's Motion filed 5-20-77 is granted to the extent of this order."

This order was affirmed by the Toledo Regional Board of Review and a further appeal to the Industrial Commission was refused. Thereafter, relator filed its complaint in mandamus.

R. C. 4123.52 provides for the continuing jurisdiction of the Industrial Commission:

"The jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified.* * *"

Relator first argues that reapportionment of the award in this case does not fall within the continuing jurisdiction of the Industrial Commission because there has been no showing of new and changed conditions occurring subsequent to an original award. *State, ex rel. Griffey,* v. *Indus. Comm.* (1932), 125 Ohio St. 27.

However, R. C. 4123.52 must be read *in pari materia* with R. C. 4123.59, which, in part, provides:

"In case an injury to or an occupational disease contracted by an employee causes his death, benefits shall be in the amount and to the persons following:
"* * *

"(B) If there are wholly dependent persons at the time of the death, the weekly payment shall be sixty-six and two-thirds per cent of the average weekly wage, but not to exceed a maximum aggregate amount of weekly compensation which is equal to sixty-six and two-thirds per cent of the statewide

average weekly wage as defined in division (C) of section 4123.62 of the Revised Code, and not in any event less than a minimum amount of weekly compensation which is equal to fifty per cent of the statewide average weekly wage as defined in division (C) of section 4123.62 of the Revised Code, regardless of the average weekly wage;***.Where there is more than one person who is wholly dependent at the time of the death of the employee, the industrial commission shall promptly apportion the weekly amount of compensation payable under this section among the dependent persons as provided in division (D) of this section.

"(1) The payment as provided in this section shall continue from the date of death of an injured or disabled employee until the death or remarriage of such dependent spouse. If the dependent spouse remarries, an amount equal to two years of compensation benefits at the weekly amount determined to be applicable to and being paid to the dependent spouse shall be paid in a lump sum to such spouse and no further compensation shall be paid to such spouse.

"(2) That portion of the payment provided in division (B) of this section applicable to wholly dependent persons other than a spouse shall continue from the date of death of an injured or disabled employee to a dependent as of the date of death, other than a spouse, at the weekly amount determined to be applicable and being paid to such dependent other than a spouse, until he:

"(a) Reaches eighteen years of age;

"(b) If pursuing a full time educational program while enrolled in an accredited educational institution and program, reaches twenty-five years of age;

"(c) If mentally or physically incapacitated from having any earnings, is no longer so incapacitated.
"***

"(D) The following persons shall be presumed to be wholly dependent for their support upon a deceased employee:

"(1) A surviving spouse who was living with the employee at the time of death or a surviving spouse who was separated from the employee at the time of death because of the aggression of the employee;

"(2) A child under the age of eighteen years, or twenty-five years if pursuing a full-time educational program while

enrolled in an accredited educational institution and program, or over said age if physically or mentally incapacitated from earning, upon only the one parent who is contributing more than one-half of the support for such child and with whom he is living at the time of the death of such parent, or for whose maintenance such parent was legally liable at the time of his death."

The terms of R. C. 4123.59 are mandatory with regard to the amount of award and the date for determination of dependency.

The amount is a fixed percentage of the average weekly wage of the injured employee and the date of dependency is the date of death of the employee. In the instant case, at the time of his death, there were three people wholly dependent upon Jack Keller, a surviving spouse and two minor children. Further, the amount of weekly benefits, computed pursuant to the statute, was $112. Thus, $112 was apportioned among the three eligible dependents. Had there been no spouse, it is conceded that $112 would have been apportioned to the two children.

Although there is no specific provision for reapportionment in the statute, the mandatory nature of the provisions relating to calculation of award and determination of dependency at the time of death leads to the conclusion that the gross amount is to be reapportioned among the remaining dependents when there is an elimination of a dependent. The new and changed conditions, necessary to invoke the continuing jurisdiction under R. C. 4123.52, arise when a change in dependency occurs which causes the previous apportionment to no longer be valid. The change in the number of dependents occurred as a result of changed conditions occurring after the initial apportionment. See *State, ex rel. Griffey,* v. *Indus. Comm., supra.*

R. C. 4123.59 does not confer any discretion upon the Industrial Commission to terminate payment of all or any part of a death award. Termination of eligibility to children and the spouse is conditioned upon the occurrence of events specifically enumerated in R. C. 4123.59. The only discretion given to the commission is provided in R. C. 4123.59(D):

"***The commission has final discretion to award death benefits solely to those who are wholly dependent or to appor-

tion such benefits among wholly dependent persons and other dependent persons as the commission deems equitable in the circumstances of each particular case."

The Workers' Compensation Act is to be liberally construed in favor of employees and the dependents of the deceased employee. R. C. 4123.95. Relator's construction would result in the employer's benefitting from a reduction in the number of dependents and is inconsistent with the legislative intent.

Relator also contends that, even if the jurisdiction of the commission was properly invoked, nevertheless, its decision is unconstitutional, contrary to law and a gross abuse of discretion. As the basis for its contention, relator places great emphasis on the concept of compensation and the need therefor on the part of dependents.

The evidence shows that Mrs. Kellner's present husband cares for and provides a home for the children and earns enough money to support the children. Relator urges that this evidence is proof that the dependency or need of the children terminated subsequent to Mrs. Kellner's remarriage and that they are, therefore, not entitled to reapportionment of the death benefits.

Relator's position assumes that the factor of need is to be considered in determining who is wholly dependent. Although the term "wholly dependent" is not defined, the statute contains an absolute presumption that a surviving spouse, who was living with the employee, and certain described children are wholly dependent persons. As to these persons, need does not enter into the determination as to whether they are a dependent, either at the date of death or subsequent thereto.

Although the commission has discretion to apportion benefits among dependents as it deems equitable in the circumstances of the case, the commission has no discretion to reduce the gross amount of death benefits payable so long as any wholly dependent person remains eligible for benefits. The only reason that that person did not receive the entire amount initially is that there were other persons equally eligible so that apportionment was necessary.

Relator's claim is denied.

*Writ denied.*

STRAUSBAUGH, P. J., and WHITESIDE, J., concur.