OPINIONS OF THE SUPREME COURT OF OHIO
      The full texts of the opinions of the Supreme Court of Ohio
are being transmitted electronically beginning May 27, 1992,
pursuant to a pilot project implemented by Chief Justice Thomas J.
Moyer.
      Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.  Your
comments on this pilot project are also welcome.
      NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised to
check the bound volumes of Ohio St.3d published by West Publishing
Company for the final versions of these opinions.  The advance
sheets to Ohio St.3d will also contain the volume and page numbers
where the opinions will be found in the bound volumes of the Ohio
Official Reports.


The State ex rel. Shively, Appellant, v. Murphy Motor Freight,
Bankrupt; Industrial Commission of Ohio, Appellee.
[Cite as State ex rel. Shively v. Murphy Motor Freight
(1994),        Ohio St.3d        .]
Workers' compensation -- Death benefits -- Reapportionment of
      award to widow after stepchildren lose their benefit
      eligibility -- Industrial Commission abuses its discretion in
      denying request for adjustment of reapportioned amount, when.
      (No. 93-1949 -- Submitted October 11, 1994 -- Decided
December 7, 1994.)
      Appeal from the Court of Appeals for Franklin County, No.
92AP-914.
      Decedent, George L. Shively, was killed on August 30, 1982,
in the course of and arising from his employment with Murphy Motor
Freight ("Murphy"), a formerly self-insured employer that is now
bankrupt.  He was survived by his widow, appellant Margaret
Shively, and two children from an earlier marriage.  His survivors
filed an application for death benefits on his behalf with
appellee, Industrial Commission of Ohio.
      The commission on March 9, 1983 awarded the death benefit
maximum of $298 per week, assigning $218 per week to appellant and
$40 per week to each child.  Shortly thereafter, the children, who
did not share their stepmother's attorney, moved, through their
guardian, that the commission authorize a lump sum advancement to
pay for their own attorney fees.  The commission granted the
motion on September 15, 1983.
      Murphy advanced $5,000 to the children for attorney fees and
reduced the weekly benefit amount by $3 per week per child to
recoup the advancement.  It is not known how Murphy calculated the
recoupment amount.
      After Murphy declared bankruptcy, the Bureau of Workers'
Compensation assumed payment at the rate of $218 per week to
appellant and $37 per week to each stepchild.  After one of the
children reached majority and the other child discontinued her
education following majority, appellant successfully petitioned
the commission to reapportion the children's benefits to her.
Appellant, however, objected to the reapportionment amount of only
$37 per week per child instead of the originally assigned $40 per

week per child.  The commission denied appellant's request for adjustment, writing:

"These fees were paid on behalf of the minor children of the decedent on September 15, 1983.  These are not the children of the widow claimant, but the reduction must continue against the decedent's claim."

Appellant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying her adjustment request.  Finding that appellant failed to sustain her burden of establishing that the apportionment was not "just and equitable," the appellate court denied the writ.

This cause is now before this court upon an appeal as of right.

Lancione Law Offices and David Lancione, for appellant.
Lee Fisher, Attorney General, and William J. McDonald, Assistant Attorney General, for appellee.

Per Curiam.  Loss of dependency dictates redistribution of the former dependents' death benefits among the remaining dependents.  See State ex rel. Columbus & S. Ohio Elec. v. Indus. Comm. (1979), 65 Ohio App. 2d 83, 14 O.O.3d 85, 416 N.E.2d 629.  No statutory formula directs how these funds are to be reapportioned.  Instead:

"* * * The commission has final discretion to award death benefits solely to those who are wholly dependent or to apportion such benefits among wholly dependent persons and other dependent persons as the commission deems equitable in the circumstances of each particular case."  (Emphasis added.)  Former R.C. 4123.59(D)(2).

Similarly, former R.C. 4123.60 providesd:

"Benefits in case of death shall be paid to such one or more of the dependents of the decedent, for the benefit of all the dependents as may be determined by the industrial commission, which may apportion the benefits among the dependents in such a manner as it deems just and equitable."  (Emphasis added.)

Appellant contests the commission's decision to increase her weekly compensation by only $74 instead of the $80 per week originally awarded to her two stepchildren.  The commission defends its apportionment by arguing that the $3 week per child reduction had been insufficient to pay off the $5,000 advancement by the time the stepchildren lost their benefit eligibility.  Continued reduced benefits were necessary, therefore, to ensure that the obligation was repaid.  The commission further argues that the stepchildren did not lose their dependency status because of age (both were under age twenty-five [R.C. 4123.59(D)(2)]), but because they were no longer continuing their schooling.  The commission claimed that the reduced rate was appropriate, since it reflected the amount which either one of the stepchildren would be entitled to receive if they would reinstate their dependency by enrolling in college.  The commission's position is unpersuasive.

The commission unquestionably may authorize attorney-fee advancements and recoup them via compensation offset.  Former R.C. 4123.06, 4123.64, 4121.131.  Moreover, once the advancement has been recovered, the commission is not required to restore the amount of weekly compensation to its previous level.  State ex

rel. Funtash v. Indus. Comm. (1951), 154 Ohio St. 497, 43 O.O. 431, 96 N.E.2d 593.  In this case, however, it is not appellant who requested the attorney fee advancement nor is she the one who benefited from it.  The commission does not challenge appellant's assertion that she is effectively being forced to pay for another party's attorney fees.

The commission's claim that appellant lacks the "clean hands" to assert any additional entitlement to benefits lacks merit.  The commission's claim that appellant was at fault for failing to notify Murphy or the commission that the stepchildren's recoupment offset was too low is untenable.  It was not appellant's responsibility to do so, nor was she even in a position to know of the potential shortfall.

The commission has broad discretion in apportionment matters.  However, there is nothing to suggest that reapportionment at the reduced instead of full rate is either just or equitable to appellant.

Accordingly, the judgment of the court of appeals is reversed and the writ is allowed.

Judgment reversed
and writ allowed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.