MOYER, C.J., A.W. SWEENEY, WRIGHT and PFEIFER, JJ., concur.

DOUGLAS and RESNICK, JJ., dissent.

F.E. SWEENEY, J., dissents and would reverse the court of appeals.

THE STATE EX REL. SHIVELY, APPELLANT, *v.* MURPHY MOTOR FREIGHT, BANKRUPT; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Shively v. Murphy Motor Freight* (1994), 71 Ohio St.3d 114.]

(No. 93–1949—Submitted October 11, 1994—Decided December 7, 1994.)

*Lancione Law Offices* and *David Lancione,* for appellant.

*Lee I. Fisher,* Attorney General, and *William J. McDonald,* Assistant Attorney General, for appellee.

*Per Curiam.* Loss of dependency dictates redistribution of the former dependents' death benefits among the remaining dependents. See *State ex rel. Columbus & S. Ohio Elec. v. Indus. Comm.* (1979), 65 Ohio App.2d 83, 14 O.O.3d 85, 416 N.E.2d 629. No statutory formula directs how these funds are to be reapportioned. Instead:

" * * * The commission has final discretion to award death benefits solely to those who are wholly dependent or to apportion such benefits among wholly dependent persons and other dependent persons *as the commission deems equitable in the circumstances of each particular case.*" (Emphasis added.) Former R.C. 4123.59(D)(2).

Similarly, former R.C. 4123.60 provided:

"Benefits in case of death shall be paid to such one or more of the dependents of the decedent, for the benefit of all the dependents as may be determined by

the industrial commission, which may apportion the benefits among the dependents *in such a manner as it deems just and equitable.*" (Emphasis added.)

Appellant contests the commission's decision to increase her weekly compensation by only $74 instead of the $80 per week originally awarded to her two stepchildren. The commission defends its apportionment by arguing that the $3 week per child reduction had been insufficient to pay off the $5,000 advancement by the time the stepchildren lost their benefit eligibility. Continued reduced benefits were necessary, therefore, to ensure that the obligation was repaid. The commission further argues that the stepchildren did not lose their dependency status because of age (both were under age twenty-five [R.C. 4123.59(D)(2) ] ), but because they were no longer continuing their schooling. The commission claimed that the reduced rate was appropriate, since it reflected the amount which either one of the stepchildren would be entitled to receive if they would reinstate their dependency by enrolling in college. The commission's position is unpersuasive.

The commission unquestionably may authorize attorney-fee advancements and recoup them via compensation offset. Former R.C. 4123.06, 4123.64, 4121.131. Moreover, once the advancement has been recovered, the commission is not required to restore the amount of weekly compensation to its previous level. *State ex rel. Funtash v. Indus. Comm.* (1951), 154 Ohio St. 497, 43 O.O. 431, 96 N.E.2d 593. In this case, however, it is not appellant who requested the attorney fee advancement nor is she the one who benefited from it. The commission does not challenge appellant's assertion that she is effectively being forced to pay for another party's attorney fees.

The commission's claim that appellant lacks the "clean hands" to assert any additional entitlement to benefits lacks merit. The commission's claim that appellant was at fault for failing to notify Murphy or the commission that the stepchildren's recoupment offset was too low is untenable. It was not appellant's responsibility to do so, nor was she even in a position to know of the potential shortfall.

The commission has broad discretion in apportionment matters. However, there is nothing to suggest that reapportionment at the reduced instead of full rate is either just or equitable to appellant.

Accordingly, the judgment of the court of appeals is reversed and the writ is allowed.

*Judgment reversed*
*and writ allowed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.