[Cite as *Measles v. Indus. Comm. of Ohio*, 2011-Ohio-7043.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

POWELL MEASLES, et al.

    Plaintiffs

    v.

INDUSTRIAL COMMISSION OF OHIO, et al.

    Defendants

Case No. 2011-06447

Judge Alan C. Travis

## ENTRY GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

{¶1} This case is sua sponte assigned to Judge Alan C. Travis to conduct all proceedings necessary for decision in this matter.

{¶2} On November 4, 2011, defendants filed a motion for summary judgment pursuant to Civ.R. 56(B). On November 18, 2011, plaintiffs filed a response; the accompanying motion for leave to file a long brief pursuant to L.C.C.R. 4(E) is GRANTED. On December 1, 2011, defendants filed a motion for leave to file a reply, which is GRANTED instanter.

{¶3} Civ.R. 56(C) states, in part, as follows:

{¶4} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable

minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶5} Plaintiffs, Powell Measles and Ann M. Pocaro, suffered permanent total disability due to work-related injuries in 1981 and 1995, respectively, and consequently became entitled to weekly benefits from defendants pursuant to R.C. 4123.58. Thereafter, plaintiffs submitted applications to defendants requesting that part of their benefits be commuted to lump sum payments pursuant to R.C. 4123.64(A); Measles did so in 1986 and 1987, and Pocaro did so in 1995. The applications provide, in part, as follows: "In the event this Lump Sum Payment is granted it will result in a permanent reduction of weekly benefits which shall continue for the life of the claim." Defendants granted the applications, disbursed the lump sum payments, and implemented corresponding reductions to the amount of plaintiffs' weekly benefits.

{¶6} According to plaintiffs, the lump sum payment agreements contemplated that defendants would reduce plaintiffs' benefits only until such time as the aggregate value of the weekly reductions equaled the value of the lump sum payments. Plaintiffs allege that defendants, having now recouped the value of the lump sum payments, unlawfully continue to issue them reduced benefits. Plaintiffs seek a declaration that defendants are obligated to restore their benefits to their original value, an injunction to effect the restoration of such benefits, and restitution of any funds retained by defendants that exceed the amount of the lump sum payments. Plaintiffs assert that they represent a class of more than 1,000 similarly-situated individuals.

{¶7} Plaintiffs' claims, which are couched in terms of equity, were originally brought in the Cuyahoga County Court of Common Pleas. However, the Supreme Court of Ohio determined on appeal that such claims must be pursued in the Court of

Claims inasmuch as plaintiffs seek legal relief for money due under the lump sum agreements; consequently, plaintiffs re-filed their claims in the instant case. See *Measles v. Indus. Comm. of Ohio*, 128 Ohio St.3d 458, 2011-Ohio-1523, ¶13 ("When an injured worker contracts to receive a lump-sum advancement in lieu of part of an income stream of benefits for permanent total disability and later seeks to recover funds allegedly wrongfully withheld from that income stream as having been commuted to the lump sum, that claim is for money due under a contract and must be pursued in the Ohio Court of Claims. Because [plaintiffs] dispute the effect of their lump-sum-advancement agreements, the court of common pleas has no jurisdiction to hear their claims.").

{¶8} Plaintiffs' claim for restitution thus sounds in contract. "Generally, a breach of contract occurs when a party demonstrates the existence of a binding contract or agreement; the non-breaching party performed its contractual obligations; the other party failed to fulfill its contractual obligations without legal excuse; and the non-breaching party suffered damages as a result of the breach." *Garofalo v. Chicago Title Ins. Co.* (1995), 104 Ohio App.3d 95, 108.

{¶9} The lump sum payment agreements provide, in part, that plaintiffs each asserted a workers' compensation claim with defendants which resulted in an award of weekly benefits for permanent total disabilities; that plaintiffs requested for defendants to commute part of their benefits to one-time lump sum payments; and that the issuance of the lump sum payments "will result in a permanent reduction of weekly benefits which shall continue for the life of the claim."

{¶10} At all times relevant, defendants were conferred with statutory authority to make such agreements. See, e.g., R.C. 4123.64 ("The administrator * * * may commute payments of compensation or benefits to one or more lump-sum payments."); see also *State ex rel. Shively v. Murphy Motor Freight*, 71 Ohio St.3d 114, 1994-Ohio-124. Contrary to plaintiffs' assertions, under the terms of their lump sum payment agreements, defendants are "not required to restore the amount of weekly

compensation to its previous level" after recouping the amount of the lump sum payment. *Shively*, supra, at 116; see also *State ex rel. Funtash v. Indus. Comm. of Ohio* (1951), 154 Ohio St. 497, paragraph four of the syllabus ("Incidental to making a partial lump sum payment of compensation, [defendants] thereafter may continue to make weekly payments in a reduced amount."). While plaintiffs characterize the lump sum payment agreements as "loans" which they have since repaid, the Supreme Court of Ohio has specifically rejected this argument, holding that defendants are conferred with statutory or constitutional authority to "commute payments of compensation or benefits to one or more lump sum payments," but that defendants are without "authority to make a loan to a claimant for compensation." *Funtash*, supra, at paragraph two of the syllabus and 499.

{¶11} Plaintiffs also argue that they are entitled to the desired relief pursuant to an amendment that was made to Ohio Adm.Code 4123-3-37 in 2004. As a result of that amendment, lump sum payment agreements now result in a reduction of weekly benefits only until such time as defendants have recouped the amount of the lump sum payment, and the agreement must specify the duration of the benefit reduction. However, plaintiffs' lump sum payment agreements pre-date the amendment to Ohio Adm.Code 4123-3-37, and the Supreme Court of Ohio has determined that the amendment, "which operates prospectively, does not apply to the agreements at issue * * *." *Measles*, supra, fn.1.

{¶12} Upon review, the only reasonable conclusion to be drawn is that plaintiffs cannot establish that the permanent reduction of their weekly benefits constitutes a breach of the lump sum payment agreements. Likewise, plaintiffs cannot show, based upon their lump sum payment agreements or otherwise, that they are entitled to a declaration that the permanent reduction of benefits is unlawful, nor that they are entitled to an injunction to restore their benefits to their original value.

{¶13} For the foregoing reasons, the court finds that there are no genuine issues of material fact and that defendants are entitled to judgment as a matter of law. Accordingly, defendants' motion for summary judgment is GRANTED and judgment is rendered in favor of defendants. All other pending motions are DENIED as moot. Court costs are assessed against plaintiffs. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
ALAN C. TRAVIS
Judge

cc:

Alexander E. Goetsch
Max E. Dehn
Ronald D. Holman II
Special Counsel to Attorney General
1300 East Ninth Street, 20th Floor
Cleveland, Ohio 44114

Christopher P. Conomy
Randall W. Knutti
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Jonathan T. Stender
Patrick J. Perotti
60 South Park Place
Painesville, Ohio 44077

RCV/dms
Filed December 30, 2011
To S.C. reporter March 20, 2012