Michael B. Miller, for appellant.

CRISTINO ET AL., APPELLEES, *v.* OHIO BUREAU OF WORKERS'
COMPENSATION ET AL., APPELLANTS.

[Cite as *Cristino v. Ohio Bur. of Workers' Comp.,*
118 Ohio St.3d 151, 2008-Ohio-2013.]

(No. 2007–0152—Submitted January 22, 2008—Decided May 7, 2008.)

MOYER, C.J.

{¶ 1} This case requires us to revisit the distinction between legal and equitable claims of restitution. Pursuant to R.C. Chapter 2743, a civil claim against the state that requests only equitable relief may be heard in the courts of common pleas, whereas all other civil claims against the state fall within the exclusive, original jurisdiction of the Court of Claims. R.C. 2743.03(A)(1) and (A)(2). We hold that the present claim against the state is not an equitable claim of restitution and that the Cuyahoga County Court of Common Pleas therefore lacks subject-matter jurisdiction over the action. We reverse the judgment of the Eighth District Court of Appeals.

I

{¶ 2} Appellee Pietro Cristino applied for and was granted permanent total disability benefits from appellant Ohio Bureau of Workers' Compensation ("bureau"). The grant of permanent total disability benefits entitled Cristino to receive periodic payments until his death. R.C. 4123.58(A). He agreed to relinquish his right to the periodic payments in exchange for a lump-sum

payment from the bureau, which described the lump-sum payment as the "present value" of his permanent total disability claim.

{¶ 3} Following Cristino's settlement with the bureau, he filed a class-action lawsuit against the bureau and the state of Ohio in the Court of Common Pleas of Cuyahoga County. Cristino alleged that the bureau had improperly calculated the present value of his permanent total disability claim. He also alleged that he had accepted the settlement without knowing that the bureau had used an improper calculation. Cristino requested several forms of relief, including the following: "Under principles of law and equity, Cristino and [the class members] are entitled to full restitution of the difference between the amounts represented by the Administrator to be the 'actual present value' of their PTD claims and the true 'actual present value' * * *."

{¶ 4} The bureau and the state filed a motion to dismiss the complaint for lack of subject-matter jurisdiction, arguing that the claim for restitution was a request for monetary relief and that the Court of Claims therefore had exclusive jurisdiction. The trial court granted the motion to dismiss, and the Eighth District Court of Appeals affirmed. *Cristino v. Ohio Bur. of Workers' Comp.*, Cuyahoga App. No. 81619, 2003–Ohio–766, 2003 WL 361283.

{¶ 5} This court reversed the judgment of the court of appeals and remanded the matter to the trial court on the authority of *Santos v. Ohio Bur. of Workers' Comp.*, 101 Ohio St.3d 74, 2004–Ohio–28, 801 N.E.2d 441. *Cristino v. Ohio Bur. of Workers' Comp.*, 101 Ohio St.3d 97, 2004–Ohio–201, 802 N.E.2d 147.

{¶ 6} On remand, the trial court denied the motion to dismiss filed by the bureau and the state and granted Cristino's motion for class certification. The court of appeals affirmed. *Cristino v. Ohio Bur. of Workers' Comp.*, Cuyahoga App. No. 87567, 2006–Ohio–5921, 2006 WL 3234022. We accepted the discretionary appeal by the bureau and the state.

## II

{¶ 7} It is well established that restitution can be either a legal or an equitable remedy. *Santos*, 101 Ohio St.3d 74, 2004–Ohio–28, 801 N.E.2d 441, at ¶ 11. In order to determine whether a claim for restitution requests legal or equitable relief, we look to the basis for the plaintiff's claim and the nature of the underlying remedies sought. Id. at ¶ 13.

{¶ 8} In *Great–West Life & Annuity Ins. Co. v. Knudson* (2002), 534 U.S. 204, 122 S.Ct. 708, 151 L.Ed.2d 635, the Supreme Court noted that historically, the distinction between legal and equitable claims for restitution depended on whether the plaintiff could assert "title or right to possession" in particular funds or other property. Id. at 213, 122 S.Ct. 708, 151 L.Ed.2d 635. In particular, the court found that historically, a legal restitution claim was a claim in which the

plaintiff " 'could not assert title or right to possession of particular property, but in which nevertheless he might be able to show just grounds for recovering money to pay for some benefit the defendant had received from him.' " (Emphasis deleted.) Id., quoting 1 Dobbs, Law of Remedies (2d Ed.1993) 571, Section 4.2(1). By contrast, an equitable restitution claim was one in which "money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." Id.

{¶ 9} The Supreme Court in *Great–West* recognized a distinction between a claim for funds due under a contract and a claim for funds to which a party is statutorily entitled. In particular, the court noted that " '[a] claim for money due and owing under a contract is "quintessentially an action at law." ' " 534 U.S. at 210, 122 S.Ct. 708, 151 L.Ed.2d 635, quoting *Wal–Mart Stores, Inc. v. Wells* (C.A.7, 2000), 213 F.3d 398, 401, quoting *Hudson View II Assoc. v. Gooden* (1996), 222 A.D.2d 163, 168, 644 N.Y.S.2d 512. The court held that the plaintiffs in *Great–West* sought to impose personal contractual liability on the opposing party and thus sought "the classic form of *legal* relief." (Emphasis sic.) Id. at 214 and 210, 122 S.Ct. 708, 151 L.Ed.2d 635.

{¶ 10} The court distinguished its decision in *Great–West* from *Bowen v. Massachusetts* (1988), 487 U.S. 879, 108 S.Ct. 2722, 101 L.Ed.2d 749, in part on the basis of the distinction between statutory and contractual entitlement to past due funds. The court, which had allowed the plaintiff's claim for specific relief in *Bowen,* held that the case was inapplicable to the plaintiffs' claims in *Great–West*: "*Bowen,* unlike petitioners' claim, did not deal with specific performance of a *contractual* obligation to pay past due sums. Rather, [the plaintiff in *Bowen* ] claimed * * * that the Federal Government failed to reimburse it for past expenses pursuant to a statutory obligation * * *." (Emphasis sic.) Id. at 212, 122 S.Ct. 708, 151 L.Ed.2d 635. We find the Supreme Court's discussion of legal and equitable restitution in *Great–West* applicable here.

{¶ 11} This court has also distinguished between statutory and contractual entitlement to past-due funds. In *Ohio Hosp. Assn. v. Ohio Dept. of Human Servs.* (1991), 62 Ohio St.3d 97, 579 N.E.2d 695, we held that a Medicaid provider with a statutory right to Medicaid reimbursement could bring an equitable claim for Medicaid funds that had been withheld pursuant to an invalid administrative rule. We distinguished the plaintiffs' claim for reimbursement from their related claims for contract damages: "The [plaintiffs'] claims for violation of the provider agreements and an earlier settlement agreement are within the exclusive jurisdiction of the Court of Claims to the extent that the [plaintiffs] allege that their contractual rights have been violated and seek monetary relief." Id. at 104, 579 N.E.2d 695. The rule applied in *Ohio Hosp. Assn.* is clear: A claim against the

state for money due under a contract is a not a claim of equitable restitution and must be brought in the Ohio Court of Claims.

{¶ 12} In the present case, Cristino's own argument reveals that the basis for his action is his agreement with the bureau: "The crux of the instant Complaint is that the Bureau *agreed* to provide hundreds of recipients of permanent total disability (PTD) benefits with a lump sum payment of the 'present value' of their claims." (Emphasis added.) Although the exact nature of the agreement is disputed, it is clear that Cristino seeks to enforce this agreement and provide class members with the "actual present value" of their claims. His recovery depends upon the interpretation of the term "present value" in his agreement with the bureau. Cristino thus claims entitlement to the funds pursuant to his agreement with the bureau.

{¶ 13} Cristino's argument that the present action is a claim to enforce his right to periodic permanent total disability benefits under R.C. 4123.58(A) is not well taken. By its terms, R.C. 4123.58(A) provides that an employee who is declared permanently and totally disabled will receive "an award to continue until the employee's death." Cristino describes the statute as one that entitles him and the class plaintiffs to "continued PTD payments for the remainder of their lifetimes." In the present claim, Cristino is requesting a lump-sum payment in lieu of the payments provided in the statutory formula. There is no statutory right to a lump-sum payment. See R.C. 4123.64(A) (the administrator "may" commute payments to a lump sum). The difference between the form of relief requested by Cristino and the form of the benefits described in R.C. 4123.58(A) indicates that the present claim does not seek to enforce any statutory right to permanent total disability benefits.

{¶ 14} In Cristino's brief, after he describes his and the class members' "statutory entitlement to continued PTD payments for the remainder of their lifetimes," he admits that he and the class members relinquished these statutory rights: "Each of [the plaintiffs] elected to relinquish these rights to the Bureau in exchange for what was supposed to be a single lump sum payment of the 'actual present value.'" Cristino's restitution claim does not challenge the validity of his agreement with the Bureau; he does not seek a reinstatement of the benefits accorded to him by statute. On the contrary, Cristino requested the amount he believed was proper under the agreement. His claim for restitution is therefore not a claim to enforce his statutory right.

{¶ 15} Cristino argues that our decision in *Santos* provides support for his argument that his current action requests equitable restitution. In particular, Cristino cites the following language from *Santos*: "A suit that seeks the return of specific funds wrongfully collected or held by the state is brought in equity. Thus, a court of common pleas may properly exercise jurisdiction over the matter

as provided in R.C. 2743.03(A)(2)." *Santos,* 101 Ohio St.3d 74, 2004–Ohio–28, 801 N.E.2d 441, at syllabus. Our decision in *Santos* is inapplicable here. In *Santos,* the class of plaintiffs at issue "sought return of funds already collected by the BWC under the subrogation statute." Id. at ¶ 7. The plaintiffs thus sought the return of funds that had once been in their possession and so belonged to them "in good conscience." *Great–West,* 534 U.S. at 213, 122 S.Ct. 708, 151 L.Ed.2d 635. See *Johnson v. Trumbull Corr. Inst.,* Ct. of Cl. No. 2004–08375–AD, 2005–Ohio–1241, 2005 WL 638698. Although we remanded this matter to the trial court on the authority of *Santos,* upon further review, it is clear that *Santos* is factually distinguishable from the present matter.

## III

{¶ 16} As described above, a claim against the state for money due under a contract is a not a claim of equitable restitution and must be brought in the Ohio Court of Claims. Cristino claims entitlement to the "actual present value" of his permanent total disability claim pursuant to his agreement with the Bureau. We hold that his claim for restitution is not an equitable claim of restitution and that the court of common pleas therefore lacks subject-matter jurisdiction over the action.

{¶ 17} The judgment of the court of appeals is reversed.

Judgment reversed.

LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., concurs separately.

---

**PFEIFER, J., concurring.**

{¶ 18} I concur in the majority opinion. I write separately to emphasize that the issue involved in this case should be resolved outside the legal system. If the allegations against the bureau, that it used a 30 percent reduction and outdated mortality tables to calculate lump-sum payments for Cristino and other members of the class, are true, the bureau should stop contesting this case. It should properly calculate the lump-sum payments for the members of the class and make additional payments as required. Despite some high-profile misadventures investing in rare coins and other unusual assets, the bureau's balance sheet is sufficiently strong to enable it to pay Ohio's most seriously injured workers the full present value of their permanent total disability benefits.

156

Bashein & Bashein Co., L.P.A., and W. Craig Bashein; Paul W. Flowers Co., L.P.A., and Paul W. Flowers; and Plevin Gallucci and Frank Gallucci III, for appellees.

Cavitch, Familo, Durkin & Frutkin, Ronald D. Holman II, Michael C. Cohan, Alexander E. Goetsch, and Jeffrey W. Gallup; and Marc Dann, Attorney General, William P. Marshall, Solicitor General, Benjamin C. Mizer and Stephen P. Carney, Deputy Solicitors, Jason Patrick Small, Assistant Solicitor, and Mark E. Mastrangelo, Assistant Attorney General, for appellants.