[Cite as *Measles v. Indus. Comm.*, 128 Ohio St.3d 458, 2011-Ohio-1523.]

MEASLES ET AL., APPELLEES, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL.,
APPELLANTS.

[Cite as *Measles v. Indus. Comm.*, **128 Ohio St.3d 458, 2011-Ohio-1523.**]

*Court of Claims — Workers' compensation — Lump-sum advancements of
benefits for permanent disability — Claim for restitution for amounts
allegedly wrongfully withheld from periodic payments after advancement
— R.C. 2743.02 and 2743.03 — Exclusive jurisdiction of Court of Claims.*

(No. 2010-0393 — Submitted February 1, 2011 — Decided April 6, 2011.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 93071,
2010-Ohio-161.

_____

### SYLLABUS OF THE COURT

When an injured worker contracts to receive a lump-sum advancement in lieu of
part of an income stream of benefits for permanent total disability and
later seeks to recover funds allegedly wrongfully withheld from that
income stream as having been commuted to the lump sum, that claim is
for money due under a contract and must be pursued in the Ohio Court of
Claims.

_____

**MCGEE BROWN, J.**

{¶ 1}   The Ohio Industrial Commission and the Ohio Bureau of Workers'
Compensation ("BWC") appeal from a decision of the Eighth District Court of
Appeals finding that plaintiffs-appellees' claim for restitution under a contract for
lump-sum advancement was a claim in equity, not law, and therefore could
properly proceed before the common pleas court.

**{¶ 2}** We are asked to determine whether appellees' claim for restitution sounds in equity or in law. If the claim is equitable, it may be brought in a court of common pleas. However, if the claim is a claim at law for money damages, the Court of Claims has exclusive jurisdiction. Because appellees seek, among other things, restitution as a remedy at law, this case must proceed under the exclusive jurisdiction of the Court of Claims. Therefore, we reverse.

**Facts and Procedural History**

**{¶ 3}** Appellees, Powell Measles, Vada Measles, and Ann Pocaro, suffered permanent total disability from work-related injuries and became entitled to weekly payments of disability benefits for life, pursuant to R.C. 4123.58. Instead of receiving all the benefits according to the schedule, however, appellees opted to receive portions of their benefits through lump-sum advancements available pursuant to R.C. 4123.64(A).

**{¶ 4}** Each appellee signed and submitted to the commission an application for a lump-sum payment before receiving advancements. The applications contained the following provision: "In the event this Lump Sum Payment is granted it will result in a permanent reduction of weekly benefits which shall continue for the life of the claim."[1] Powell Measles applied for advancements in 1986 and 1987. Vada Measles applied in 1984 and 1985. Ann Pocaro applied in 1995. The commission approved each of the applications, disbursed the lump-sum advancements, and reduced the workers' ongoing benefit payments accordingly.

---

1. Ohio Adm.Code 4123-3-37 now requires agreements for lump-sum advancements to include "a specific time for the reduction of the biweekly rate of compensation to repay the lump sum advancement" and directs the administrator of BWC to "remove the rate reduction due to the lump sum advancement" after that time passes. Ohio Adm.Code 4123-3-37(B)(3) and (C)(3). That code provision, which became effective December 1, 2004, and which operates prospectively, does not apply to the agreements at issue in this appeal.

{¶ 5} Appellees initiated this action through a filing styled as a "Complaint for Equitable Relief Only," which asked for declaratory relief, injunctive relief, and disgorgement from the commission and BWC relating to benefits received after the lump-sum advancement. Specifically, appellees claim that the reduction of weekly benefits pursuant to the agreements should have stopped when the aggregate value of weekly reductions equaled the value of their lump-sum advancements. Appellees assert that they represent a class of more than 1,000 similarly situated injured workers.

{¶ 6} The trial court granted defendants-appellants' motion to dismiss for lack of subject-matter jurisdiction. Citing *Cristino v. Ohio Bur. of Workers' Comp.*, 118 Ohio St.3d 151, 2008-Ohio-2013, 886 N.E.2d 857, the court explained that "[a] claim based on a[n] LSA made pursuant to R.C. 4123.64(A) is a claim against the state for money due under a contract [and] is not a claim for equitable restitution, and such claims therefore must be brought in the Ohio Court of Claims." *Measles v. Indus. Comm.* (Mar. 13, 2009), Cuyahoga C.P. No. CV-07-623468. On appeal by appellees, the Eighth District Court of Appeals reversed. The appellate court noted that appellees had "not exclusively pled claims for money due and owing under a contract, and so have not made what is ' "quintessentially an action at law." ' " *Measles v. Indus. Comm.,* Cuyahoga App. No. 93071, 2010-Ohio-161, 2010 WL 194508, ¶ 16, quoting *Cristino* at ¶ 9. Because the action sounded in equity, the appellate panel concluded, appellees could pursue their claims in the common pleas court. Id. at ¶ 18. The commission and BWC then appealed to this court.

### Analysis

{¶ 7} Our narrow focus is on whether appellees can pursue their claims against the state in the court of common pleas or whether the Court of Claims has exclusive jurisdiction. Courts of common pleas generally enjoy jurisdiction over, among other things, civil disputes with more than $500 in controversy. R.C.

2305.01 and 1907.03. The Court of Claims, however, has exclusive jurisdiction over civil actions against the state for money damages that sound in law. R.C. 2743.02 and 2743.03. Included within the jurisdiction of the Court of Claims are civil actions presenting claims in both law and equity. R.C. 2743.03(A)(2). See also *Ohio Hosp. Assn. v. Ohio Dept. of Human Servs.* (1991), 62 Ohio St.3d 97, 103, 579 N.E.2d 695 ("The Court of Claims has exclusive, original jurisdiction in all civil suits for money damages even where ancillary relief such as an injunction or declaratory judgment is sought. However, a suit that seeks only injunctive or declaratory relief may be brought against the state in the court of common pleas" [citation omitted]).

{¶ 8} Because appellees' prayers for declaratory and equitable relief sound classically in equity, jurisdiction of their action turns on whether the claim for restitution sounds in equity or in law. The answer lies in this court's recent decision in *Cristino*. That case involved an injured worker's claim that the state miscalculated the value of his lump-sum advancement. Pietro Cristino had sought early payment of the entire value of his benefits, but argued that the state undervalued his entitlement. In addressing whether the restitution claim sounded in equity or in law, the court explained that the chief factors are "the basis for the plaintiff's claim and the nature of the underlying remedies sought." *Cristino*, 118 Ohio St.3d 151, 2008-Ohio-2013, 886 N.E.2d 857, ¶ 7.

{¶ 9} On the one hand, the court explained, an action in law for restitution is "a claim in which the plaintiff ' "could not assert title or right to possession of particular property, but in which nevertheless he might be able to show just grounds for recovering money to pay for some benefit the defendant had received from him." ' " Id. at ¶ 8, quoting *Great-West Life & Annuity Ins. Co. v. Knudson* (2002), 534 U.S. 204, 213, 122 S.Ct. 708, 151 L.Ed.2d 635, quoting 1 Dobbs, Law of Remedies (2d Ed.1993) 571, Section 4.2(1). A claim for restitution relating to a contract dispute, for example, constitutes an action in

law.  *Ohio Hosp. Assn.*, 62 Ohio St.3d at 104, 579 N.E.2d 695 ("The claims for violation of the provider agreements and an earlier settlement agreement are within the exclusive jurisdiction of the Court of Claims to the extent that [plaintiffs] alleged that their contractual rights have been violated and seek monetary relief").  On the other hand, an action in equity for restitution is "one in which 'money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession.' "  *Cristino*, 118 Ohio St.3d 151, 2008-Ohio-2013, 886 N.E.2d 857, ¶ 8, quoting *Great-West Life & Annuity* at 213.  Such an action may arise, for example, when a claim relates to a statutory right.  *Ohio Academy of Nursing Homes v. Ohio Dept. of Job & Family Servs.*, 114 Ohio St.3d 14, 2007-Ohio-2620, 867 N.E.2d 400, ¶ 15–19.  If the essence of a claim is not of restitution for money owed under a contract, but instead restitution for the state's unjust enrichment by withholding funds to which a worker had a statutory right, then the ultimate relief sought is equitable restitution.  Id.  Because Cristino's dispute related to the effect of a term in his lump-sum-advancement agreement, we found that his action sounded in law and belonged before the Court of Claims.  *Cristino* at ¶ 11 ("A claim against the state for money due under a contract is not a claim of equitable restitution and must be brought in the Ohio Court of Claims").

{¶ 10} Appellees urge us not to apply *Cristino*; rather, they would have us rely on *Santos v. Ohio Bur. of Workers' Comp.*, 101 Ohio St.3d 74, 2004-Ohio-28, 801 N.E.2d 441.  Like *Cristino*, *Santos* considered jurisdiction over a claim for restitution in a complaint lodged by an injured worker against the state.  Unlike *Cristino*, however, *Santos* did not concern benefits paid pursuant to a lump-sum advancement.  Instead, in *Santos* the injured workers sought to recoup money that BWC had collected pursuant to a subrogation statute that later was declared unconstitutional.  Id. at ¶ 3.  Because the plaintiffs in *Santos* sought repayment of funds previously in their possession, we explained that their claim

sounded in equity and could be addressed by the courts of common pleas. Id. at ¶ 17 ("The action * * * is not a civil suit for money damages but rather an action to correct the unjust enrichment of the BWC. A suit that seeks the return of specific funds wrongfully collected or held by the state is brought in equity. Thus, a court of common pleas may properly exercise jurisdiction over the matter as provided in R.C. 2743.03(A)(2)").

{¶ 11} *Cristino* controls the present appeal. Like the plaintiffs in *Cristino*, appellees propose a class action to dispute the effect of a lump-sum advancement agreement they signed with the state. Like the plaintiffs in *Cristino*, appellees pray for equitable remedies as well as restitution of money wrongfully withheld. Like the plaintiffs in *Cristino*, appellees want their claims to be heard by a court of common pleas, not the Court of Claims. And, just like the plaintiffs in *Cristino*, appellees argue that their action belongs in the court of common pleas under the reasoning of *Santos*.

{¶ 12} Appellees strive to steer our analysis toward the issue of whether BWC currently violates R.C. 4123.58, and they characterize that analysis as unrelated to the lump-sum-advancement agreement. Yet it is impossible to judge whether BWC unlawfully deprived appellees of statutorily guaranteed benefits without evaluating the contract they executed that defines those benefits. The heart of this matter is a contract dispute, and "[a] claim against the state for money due under a contract is not a claim of equitable restitution and must be brought in the Ohio Court of Claims." *Cristino*, 118 Ohio St.3d 151, 2008-Ohio-2013, 886 N.E.2d 857, ¶ 16.

**Conclusion**

{¶ 13} When an injured worker contracts to receive a lump-sum advancement in lieu of part of an income stream of benefits for permanent total disability and later seeks to recover funds allegedly wrongfully withheld from that income stream as having been commuted to the lump sum, that claim is for

money due under a contract and must be pursued in the Ohio Court of Claims. Because appellees dispute the effect of their lump-sum-advancement agreements, the court of common pleas has no jurisdiction to hear their claims. We reverse the court of appeals and reinstate the trial court's order dismissing appellees' claims for lack of subject-matter jurisdiction.

Judgment reversed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Dworken & Bernstein Co., L.P.A., Patrick J. Perotti, and Jonathan T. Stender, for appellees.

Michael DeWine, Attorney General, Alexandra T. Schimmer, Chief Deputy Solicitor General, Emily S. Schlesinger, Deputy Solicitor, Elise Porter, Assistant Solicitor, and Jeffrey B. Duber and Mark Mastrangelo, Assistant Attorneys General, for appellants.

_____