[Cite as *Cristino v. Ohio Bur. of Workers' Comp.*, 2014-Ohio-1383.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Pietro Cristino, | : | |
| Plaintiff-Appellant, | : | No. 13AP-772 |
| | | (Ct. of Cl. No. 2008-10773) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ohio Bureau of Workers' Compensation, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on March 31, 2014

*Bashein & Bashein Co., L.P.A.*, and *W. Craig Bashein, Esq.*; *Plevin & Gallucci Co., L.P.A.*, and *Frank Gallucci, III, Esq.*; *Paul W. Flowers Co., L.P.A.*, and *Paul W. Flowers*, for appellant.

*Michael DeWine*, Attorney General, *Mark E. Mastrangelo*, *Randall W. Knutti*, and *Emily M. Simmons*; *Cavitch Familo & Durkin Co., LPA*, *Ronald D. Holman, II*, *Alexander E. Goetsch*, and *Max E. Dehn*, outside counsel to Michael DeWine, Attorney General, for appellee.

APPEAL from the Court of Claims of Ohio.

BROWN, J.

{¶ 1} Pietro Cristino, plaintiff-appellant, appeals from the judgment of the Court of Claims of Ohio, in which the court granted the motion for summary judgment filed by the Ohio Bureau of Workers' Compensation ("bureau"), defendant-appellee.

{¶ 2} In 1994, the Industrial Commission of Ohio ("commission") determined that appellant was permanently and totally disabled ("PTD"), which entitled appellant to receive monthly PTD compensation for the rest of his life. In October 1998, appellant

agreed to accept a "present value," lump-sum settlement of his claim for $115,000. On November 2, 1998, appellant deposited a check from the bureau for that amount. The parties dispute how the agreement came about, who initiated contact to discuss a settlement, and the content of communications between the parties.

{¶ 3}   On June 22, 2001, appellant filed a class action complaint against the bureau in the Cuyahoga County Court of Common Pleas on behalf of himself and a putative class, asserting breach of fiduciary duty, fraud, unjust enrichment, violation of constitutional and statutory rights, declaratory relief, and injunctive relief. Appellant alleged that the bureau, without his knowledge or the knowledge of other potential class members, reduced the "present value" of the lump-sum settlement amount by at least 30 percent and used inaccurate mortality data in calculating the "present value." The bureau filed a motion to dismiss, claiming that the common pleas court lacked subject-matter jurisdiction. The trial court dismissed for lack of jurisdiction, and the court of appeals affirmed in *Cristino v. Ohio Bureau of Workers' Comp.*, 8th Dist. No. 80619, 2003-Ohio-766. In a one sentence decision in *Cristino v. Ohio Bur. of Workers' Comp.*, 101 Ohio St.3d 97, 2004-Ohio-201, that court reversed the appellate court's judgment and remanded the case to the trial court on the authority of *Santos v. Ohio Bur. of Workers' Comp.*, 101 Ohio St.3d 74, 2004-Ohio-28.

{¶ 4}   Upon remand, the trial court denied the bureau's motion to dismiss but certified the class action, and the court of appeals affirmed the trial court's decision in *Cristino v. Admr., Ohio Bureau of Workers' Comp.*, 8th Dist. No. 87567, 2006-Ohio-5921. The bureau appealed, and the Supreme Court of Ohio reversed in *Cristino v. Ohio Bur. of Workers' Comp.*, 118 Ohio St.3d 151, 2008-Ohio-2013 ("*Cristino I*"), finding that the class action complaint included a legal contract claim for money due under the parties' agreement; thus, the common pleas court lacked subject-matter jurisdiction over the action, and the matter must be filed in the Court of Claims.

{¶ 5}   On November 10, 2008, appellant filed a complaint in the Court of Claims. The complaint was the same as the complaint filed in the common pleas court except it also asserted a claim for breach of contract. On December 16, 2008, the bureau filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and (6). On July 7, 2009, the court granted

the bureau's motion to dismiss as to all claims except the breach of contract claim and the claim for declaratory judgment.

{¶ 6} On April 29, 2010, the bureau filed a motion for summary judgment regarding the breach of contract claim. On October 21, 2011, the trial court granted the bureau's motion for summary judgment with regard to the breach of contract claim, finding that the statute of limitations had expired as to that claim on November 2, 2000.

{¶ 7} On November 1, 2011, the bureau filed a motion to dismiss the declaratory judgment claim pursuant to Civ.R. 12(C). On January 9, 2012, the court granted the bureau's motion to dismiss the claim for declaratory judgment.

{¶ 8} Appellant appealed the judgment of the Court of Claims with respect to the trial court's dismissal of all of his claims against the bureau. In *Cristino v. Admr., Ohio Bureau of Workers' Comp.*, 10th Dist. No. 12AP-60, 2012-Ohio-4420 ("*Cristino II*"), this court sustained the court's dismissal of the breach of contract and fiduciary duty claims, but we reversed the court's dismissal of the fraud and unjust enrichment claims, as well as reversed the dismissal of the declaratory judgment action.

{¶ 9} Upon remand, appellant voluntarily dismissed his fraud claim. On February 15, 2013, the bureau filed a motion for summary judgment, seeking dismissal of the claims for unjust enrichment and declaratory relief. On March 5, 2013, appellant filed a motion to transfer the case to the Cuyahoga County Court of Common Pleas, arguing that the Court of Claims lost jurisdiction when the claims for monetary damages were terminated or withdrawn.

{¶ 10} On August 2, 2013, the trial court granted the bureau's motion for summary judgment. The court found that appellant's claim for unjust enrichment was barred by the statute of limitations. The court also dismissed his claim for declaratory judgment finding that any declaration of the rights and duties of the parties would be purely advisory after his unjust enrichment and fraud claims were dismissed. The court also denied appellant's motion to transfer the case to the Cuyahoga County Court of Common Pleas on the basis that the Supreme Court had already found that jurisdiction was proper in the Court of Claims. Appellant appeals the trial court's judgment, asserting the following assignments of error:

> I. ONCE ONLY CLAIMS FOR EQUITABLE, DECLARATORY, AND INJUNCTIVE RELIEF REMAINED, THE COURT OF

CLAIMS LOST SUBJECT MATTER JURISDICTION OVER THE CIVIL ACTION.

II. THE COURT OF CLAIMS JUDGE ERRED, AS A MATTER OF LAW, BY GRANTING SUMMARY JUDGMENT UPON THE CLAIM OF UNJUST ENRICHMENT.

III. SUMMARY JUDGMENT WAS ALSO IMPROVIDENTLY GRANTED, AS A MATTER OF LAW, UPON THE REMAINING STAND-ALONE CLAIM FOR DECLARATORY RELIEF.

{¶ 11} Appellant argues in his first assignment of error that, once only claims for equitable, declaratory, and injunctive relief remained, the Court of Claims lost subject-matter jurisdiction over the civil action. In its decision, the Court of Claims found that it still retained jurisdiction over the unjust enrichment and declaratory judgment claims even after the dismissal of the fraud claim because the Supreme Court already ruled that appellant's claims belonged in the Court of Claims and not in the common pleas court. *Cristino I.* Appellant argues that the Supreme Court found only that some of his claims sounded in contract and, thus, belonged in the Court of Claims, and the Supreme Court's finding was made when the complaint included theories of recovery that allowed damages to be awarded under principles of contract. Appellant asserts that, with the contract claim, fiduciary duty claim, and fraud claim being dismissed, the scenario before the Court of Claims was different from the one addressed earlier by the Supreme Court. Appellant contends the Supreme Court never suggested that the Court of Claims possessed jurisdiction to adjudicate civil actions that are reduced to claims for equitable, declaratory, and injunctive relief. Appellant urges that his claim for unjust enrichment did not seek damages and was purely equitable because it requested only restitution of the difference between the amount represented by the bureau and the actual present value of the PTD claims without the discounts and using the proper actuarial tables.

{¶ 12} In the Court of Claims Act, R.C. Chapter 2743, the General Assembly waived the state's immunity from liability, created the Court of Claims, and invested the Court of Claims with exclusive, original jurisdiction over civil actions permitted by the waiver of sovereign immunity. *State ex rel. Sawicki v. Court of Common Pleas of Lucas Cty.*, 121 Ohio St.3d 507, 2009-Ohio-1523, ¶ 28. The act, however, does not apply "[t]o the extent

that the state ha[d] previously consented to be sued" in the courts of common pleas. R.C. 2743.02(A)(1). Thus, if, prior to the state's waiver of immunity, the law permitted a party to pursue a particular type of action against the state, then the Court of Claims lacks jurisdiction to hear that type of action. *Selective Ins. Co. of Am. v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-597, 2012-Ohio-1314, ¶ 20; *Interim Healthcare of Columbus, Inc. v. Ohio Dept. of Adm. Servs.*, 10th Dist. No. 07AP-747, 2008-Ohio-2286, ¶ 12. As a result, the Court of Claims has no jurisdiction over actions that only seek declaratory judgment or injunctive relief because, before the advent of the act, parties could sue the state for declaratory and injunctive relief in the courts of common pleas. *Racing Guild of Ohio, Local 304, Serv. Emps. Internatl. Union, AFL-CIO, CLC v. Ohio Racing Comm.*, 28 Ohio St.3d 317, 320 (1986). Nevertheless, when a claim for declaratory judgment, injunctive relief or other equitable relief is ancillary to a claim over which the Court of Claims has jurisdiction, the Court of Claims possesses jurisdiction to adjudicate the entire action. R.C. 2743.03(A)(2); *Ohio Hosp. Assn. v. Ohio Dept. of Human Servs.*, 62 Ohio St.3d 97, 103 (1991). The Court of Claims has exclusive jurisdiction over civil actions against the state for money damages that sound in law. *Measles v. Indus. Comm.*, 128 Ohio St.3d 458, 2011-Ohio-1523, ¶ 7. Thus, if a plaintiff asserts a legal claim for money damages in addition to a claim for declaratory and/or injunctive relief, and all of the asserted claims arise out of the same circumstances, then the Court of Claims can exercise jurisdiction over the entire action. *Interim Healthcare* at ¶ 13.

{¶ 13} However, not every claim seeking monetary relief is a claim for money damages. *Id.* at ¶ 15. Even where a claimant seeks relief that will ultimately result in the payment of money by the state, "a cause of action will sound in equity if 'money damages' is not the essence of the claim." *Id.*, citing *Ohio Academy of Nursing Homes v. Ohio Dept. of Job & Family Servs.*, 114 Ohio St.3d 14, 2007-Ohio-2620, ¶ 15. For example, an equitable action for specific relief, seeking reimbursement of the compensation allegedly denied or retained, is not transformed into a claim for damages simply because it involves the payment of money. *Zelenak v. Indus. Comm.*, 148 Ohio App.3d 589, 2002-Ohio-3887, ¶ 18 (10th Dist.) (claim for specific temporary total disability compensation, to which plaintiffs were statutorily entitled, sought equitable relief and not monetary damages), citing *Ohio Edison Co. v. Ohio Dept. of Transp.*, 86 Ohio App.3d 189, 194 (10th

Dist.1993). "Unlike a claim for money damages where a plaintiff recovers damages to compensate, or substitute, for a suffered loss, equitable remedies are not substitute remedies, but an attempt to give the plaintiff the very thing to which it was entitled." *Interim Healthcare* at ¶ 15, citing *Santos* at ¶ 14.

{¶ 14} In the present case, we agree with the Court of Claims that the Supreme Court has already spoken to the issue raised by appellant in his first assignment of error. That is, the Supreme Court has explicitly held that appellant's current claims are based in contract; thus, they seek money damages that sound in law. In *Cristino I* at ¶ 12, the Supreme Court found that the present case involved a claim against the state for money due under a contract and was not a claim of equitable restitution. *Id.* at ¶ 16. The court found it was not a claim for restitution because the plaintiffs were not seeking the return of funds that had once been in their possession and so belonged to them in good conscience. *Id.* at ¶ 15. The court concluded:

> In the present case, Cristino's own argument reveals that the basis for his action is his agreement with the bureau: "The crux of the instant Complaint is that the Bureau *agreed* to provide hundreds of recipients of permanent total disability (PTD) benefits with a lump sum payment of the 'present value' of their claims." (Emphasis added.) Although the exact nature of the agreement is disputed, it is clear that Cristino seeks to enforce this agreement and provide class members with the "actual present value" of their claims. His recovery depends upon the interpretation of the term "present value" in his agreement with the bureau. Cristino thus claims entitlement to the funds pursuant to his agreement with the bureau.

*Id.* at ¶ 12.

{¶ 15} Accordingly, the Supreme Court has clearly found that appellant's present claims are legal in nature based upon his agreement with the bureau. At issue in *Cristino I* were claims for breach of fiduciary duty, fraud, unjust enrichment, violation of constitutional and statutory rights, declaratory relief, and injunctive relief. Contrary to appellant's contention that the Supreme Court was referring to only some of his claims in its holding, we find no place in *Cristino I* where the court set out any claims as not being legal claims based upon the agreement. Therefore, regardless of which claims might have survived dismissal in the present action filed in the Court of Claims, the Court of Claims

would have retained jurisdiction over the entire matter. As relevant to this case, the Supreme Court clearly did not indicate that the claims for unjust enrichment or declaratory relief were anything but legal claims based upon the terms of a contract. Therefore, we find that, based upon the Supreme Court's findings in *Cristino I*, appellant's claims for unjust enrichment and declaratory judgment were claims for legal restitution based upon a contract, and, thus, the Court of Claims had subject-matter jurisdiction.

{¶ 16} Although this conclusion renders appellant's remaining arguments under this assignment of error untenable, even if appellant's claims were equitable, we would reject appellant's reliance upon *Upjohn Co. v. Ohio Dept. of Human Servs.*, 77 Ohio App.3d 827 (10th Dist.1991). Appellant relies upon the holding in *Upjohn* that, once the Court of Claims determined that it could grant no relief on the plaintiffs' negligence claim, it no longer had jurisdiction over the plaintiffs' claims for declaratory judgment, injunctive relief, and constitutional violations. However, what distinguishes *Upjohn* from the present case is that, in *Upjohn*, we found the Court of Claims lacked jurisdiction over the plaintiffs' claims for injunctive relief and declaratory relief because the plaintiffs' claim for money damages was not permitted by the state's waiver of immunity. In other words, the Court of Claims never had subject-matter jurisdiction over the claim for money damages in *Upjohn*. To the contrary, in the present case, there was no dispute that appellant's claims for breach of contract and fraud were permitted by the state's waiver of immunity, and the Court of Claims had subject-matter jurisdiction over them. Therefore, the facts in *Upjohn* are inapposite. For these reasons, appellant's first assignment of error is overruled.

{¶ 17} Appellant argues in his second assignment of error that the trial court erred when it granted summary judgment on the unjust enrichment claim. In granting summary judgment, the trial court found that, because this court already held that appellant's claim for breach of contract accrued on November 2, 1998—the date appellant received his final payment from the bureau—appellant's claim for unjust enrichment also accrued on that date, inasmuch as it arose from the same conduct that is the basis for appellant's breach of contract claim. The court concluded that, because appellant initially filed suit against the bureau in the Cuyahoga County Court of Common Pleas on June 22,

2001, and did not file his action in the Court of Claims until 2008, his claims were filed more than two years after they accrued.

{¶ 18} R.C. 2743.16(A) provides:

Subject to division (B) of this section, civil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties.

{¶ 19} Appellant's argument that the Court of Claims erred in finding his claim for unjust enrichment was filed beyond the statute of limitations is based upon the same reasoning he presents under this first assignment of error; that is, his claim for unjust enrichment was not seeking money damages. Appellant asserts that, because his claim for unjust enrichment was not seeking money damages, it was not a claim permitted against the state and, thus, is not subject to the two-year statute of limitations. However, because we have already found that appellant's unjust enrichment claim was based upon the agreement between the parties and upon the same conduct underlying the breach of contract claim, it is subject to the same two-year statute of limitations in R.C. 2743.16(A).

{¶ 20} Appellant's contentions that R.C. 2743.16(A) does not control all actions in the Court of Claims and that longer statutes of limitations exist for certain causes of action are unfounded. As we found in *Cargile v. Ohio Dept. of Adm. Servs.*, 10th Dist. No. 11AP-743, 2012-Ohio-2470, ¶ 12:

The General Assembly "clearly intended for [the] two-year limitation period [set forth in R.C. 2743.16(A)] to take precedence over all other statutes of limitation in the Revised Code at large." *Simmons v. Ohio Rehab. Servs. Comm.*, 10th Dist. No. [09]AP-1034, 2010-Ohio-1590, ¶ 6; *see also Grenga v. Youngstown State Univ.*, 10th Dist. No. 11AP-165, 2011-Ohio-5621, ¶ 17; *Windsor House, Inc. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 09AP-584, 2010-Ohio-257, ¶ 20. Therefore, the longest limitations period applicable to actions in the Court of Claims is two years. *Grenga* at ¶ 18.

*See also U.W. v. Dept. of Youth Servs.*, 10th Dist. No. 12AP-959, 2013-Ohio-1779, ¶ 6 (the statutory framework enacted when the state of Ohio partially waived governmental

immunity has not been amended to allow any claims to be pursued against the state of Ohio more than two years after the claims accrued).

{¶ 21} Therefore, based upon our reasoning under appellant's first assignment of error that his claim for unjust enrichment was based in contract and stemmed from the same conduct underlying the contract claim, we find appellant's claim for unjust enrichment was also subject to the two-year statute of limitations in R.C. 2743.16(A). For these reasons, appellant's second assignment of error is overruled.

{¶ 22} Appellant argues in his third assignment of error that the trial court erred when it granted summary judgment to the bureau on the remaining claim for declaratory relief. A declaratory judgment action is a civil action that provides a remedy in addition to other legal and equitable remedies available. *Aust v. Ohio State Dental Bd.*, 136 Ohio App.3d 677, 681 (10th Dist.2000). " 'The essential elements for declaratory relief are (1) a real controversy exists between the parties, (2) the controversy is justiciable in character, and (3) speedy relief is necessary to preserve the rights of the parties.' " *Walker v. Ghee*, 10th Dist. No 01AP-960 (Jan. 28, 2002), quoting *Aust* at 681. For a cause to be justiciable, there must exist a real controversy presenting issues that are ripe for judicial resolution and which will have a direct and immediate impact on the parties. *Stewart v. Stewart*, 134 Ohio App.3d 556, 558 (4th Dist.1999), citing *State v. Stambaugh*, 34 Ohio St.3d 34, 38 (1987). In order for a justiciable question to exist, the danger or dilemma of the plaintiff must be present, not contingent on the happening of hypothetical future events, and the threat to his position must be actual and genuine and not merely possible or remote. *League for Preservation of Civ. Rights & Internal Tranquility v. Cincinnati*, 64 Ohio App. 195, 197 (1st Dist.1940).

{¶ 23} In the present case, the trial court determined that, because appellant's claim for unjust enrichment was barred by the two-year statute of limitations, his claim for declaratory judgment was also barred inasmuch as any declaration by the court of the respective rights and duties of the parties would be purely advisory. Appellant argues herein that his claim is premised upon R.C. 2721.02(A), which allows legal rights and obligations to be established without a binding contract. Appellant contends that he can potentially demonstrate entitlement to a judicial declaration that would terminate controversies irrespective of whether any enforceable contract existed between the

parties. Appellant also asserts that the declaration he seeks will not be purely advisory because it will require the bureau to release the portion of the properly calculated PTD benefits that remain owed to him and the class members without unauthorized discounts.

{¶ 24} This court has already addressed the same issue in *Cristino II*. In *Cristino II*, we initially noted that the trial court properly granted the bureau judgment on the pleadings with regard to appellant's claim for declaratory relief because the trial court had previously disposed of all the claims underlying the parties' controversy, which ended the controversy and left no justiciable issues for adjudication. However, we then determined that, because we had concluded on appeal in *Cristino II* that the trial court had erred in dismissing appellant's fraud and unjust enrichment claims, the parties' controversy was resurrected, thereby also resurrecting the declaratory judgment claim.

{¶ 25} The circumstances we face here are the same faced by the trial court in *Cristino II*. In the present case, we have disposed of all of appellant's claims underlying the parties' controversy; thus, the controversy is over and no justiciable issues remain for adjudication. As a result, appellant's claim for declaratory relief is no longer viable. In *Cristino II*, we found the trial court properly made the same determination. In doing so, we approved the trial court's reliance upon our decision in *Schaub v. Div. of State Hwy. Patrol*, 10th Dist. No. 95APE08-1107 (Mar. 5, 1996). In *Schaub*, the plaintiff's cause of action was filed outside of the two-year statute of limitations in R.C. 2743.16(A). The plaintiff then filed a declaratory judgment action in the common pleas court, which the trial court dismissed. In finding the trial court properly dismissed the declaratory judgment action, this court found the plaintiff had attempted to do, by means of a declaratory judgment, that which he was barred from doing because of the statute of limitations. We pointed out that there was no real controversy or justiciable issue in the case, and a declaratory judgment would not terminate a controversy because any possible controversy was already terminated by the statute of limitations of the Court of Claims. We concluded that a declaratory judgment would be nothing more than an advisory opinion. The same reasoning in *Schaub* and *Cristino II* applies to the present case.

{¶ 26} Appellant attempts to distinguish his case from *Schaub* by arguing that the declaration he seeks in the present case would not be purely advisory. Appellant contends that a declaration would terminate controversies irrespective of whether any enforceable

contractual arrangements exist between the parties. However, it is clear from appellant's complaint that he sought declaratory relief based upon the contract between the parties. In his complaint, he alleged that he and the class members were entitled to declaratory judgment "voiding the settlements that were procured under false pretenses, and otherwise confirming that they have yet to receive the 'actual present value' of their PTD claims as promised by the Bureau." These claims are clearly based upon the agreement entered into between the parties and the promises contained in the agreement. Thus, appellant's arguments are unpersuasive. For these reasons, we find the trial court did not err when it granted summary judgment to the bureau on the claim for declaratory relief, and we overrule appellant's third assignment of error.

{¶ 27} Accordingly, appellant's three assignments of error are overruled, and the judgment of the Court of Claims of Ohio is affirmed.

*Judgment affirmed.*

SADLER, P.J., and DORRIAN, J., concur.

_____