[Cite as *Jabr v. Ohio Dept. of Job & Family Servs.*, 2020-Ohio-6941.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Tareq Jabr, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 20AP-235 |
| v. | : | (Ct. of Cl. No. 2019-01180JD) |
| Ohio Department of Job and Family Services et al., | : | (ACCELERATED CALENDAR) |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on December 29, 2020

**On brief:** *Tareq Jabr*, pro se. **Argued:** *Tareq Jabr.*

**On brief:** *Dave Yost*, Attorney General, and *Michelle C. Brizes*, for appellees. Argued: *Michelle C. Brizes.*

APPEAL from the Court of Claims of Ohio

KLATT, J.

{¶ 1} Plaintiff-appellant, Tareq Jabr, appeals a judgment of the Court of Claims of Ohio that granted the motion of defendants-appellees, the Ohio Department of Job and Family Services ("ODJFS") and the Ohio Attorney General (collectively "appellees"), to dismiss appellant's complaint pursuant to Civ.R. 12(B)(1) and (6). Because the allegations in appellant's complaint conclusively demonstrate that his claims are barred by the collateral estoppel form of res judicata, we affirm.

**Facts and Procedural History**

{¶ 2} On December 23, 2019, appellant, acting pro se, filed suit against the appellees in the Court of Claims. Although appellant's complaint is difficult to decipher, it appears appellant alleged that ODJFS issued an order in 2008 that wrongfully ordered him to pay child support, and that it wrongfully collected the child support by deducting the amounts due from his social security benefits. Appellant also alleged that the Ohio Attorney General did not prevent and/or remedy the unlawful enforcement of the child support order. Appellant attached the 2008 child support administrative order, as well as a September 3, 2019 addendum thereto, to the complaint. Appellant also attached to his complaint several account summaries relating to his child support obligation. Essentially, appellant alleged that appellees engaged in unspecified wrongful conduct and fraud in connection with the imposition and enforcement of his child support obligation that caused him personal injuries and financial loss. Appellant's complaint sought $3,000,000 in damages.

{¶ 3} In response, appellees filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and (6). In a judgment entered April 13, 2020, the Court of Claims granted appellees' motion. The Court of Claims concluded that appellant's claims were barred by the two-year statute of limitations contained in R.C. 2743.16(A) and that appellant had "neither brought a claim against the state nor one for monetary damages." (Apr. 13, 2020 Decision & Entry at 3.) Therefore, the Court of Claims concluded that it lacked subject-matter jurisdiction over appellant's claims.

{¶ 4} Appellant now appeals. Appellant's brief does not contain clearly identified or enumerated assignments of error. Nevertheless, we interpret the following paragraphs of appellant's brief as his assignments of error:

> [1.] ILLEGAL DOCOMENTS, ON A PERSON THAT'S ON SSI. WHICH IS RULE NO. DEFS ARE IN VIOLATIONS OF U.S. CODE 1324C THRU A1 A2 A3 A4 A5 A6 WHICH EXCEPTION C IS CONSTRUCTION D ENFORCEMENTS. THE ATTY. GENERALS JOB IS IN HIS CHARTER AND POWER TO INFORCEMENTS ON DEFS. ON ALL THERE WRONG DUEINGS. AGAINST OHIO JOB AND FAMILY SERVICES. DEFS, IN THIS CASE.
>
> [2.] WRONGFUL GARISHMENTS FROM MY SSI CHECKS TIL NOW ALLTHOUGH DEFS, GOT AN ORDER FROM GOV.

OFFICE TO STOP, DEFS, WRONGFULLY GARISHED 13,000 TO 26, 000 ILLEGALLY. DEFS, I STILL OWE A LITTLE OVER 3,000 WRONGFULLY. I TAREQ JABR NEVER GOT A PENNY FROM THE WRONGFUL GARISHMENTS.DEFS. TOKE LOT OF WRONGFUL ACTIONS ON A MAN ON SSI DISABILITY.I HAVE INJURIES PLUS, A NOT REGULAR HART BEAT NOW FROM DEFS ACTIONS.VIOMITING, STOMACH PILLS FOR LIFE NOW ,STREES PILLS ALSO.

[3.] ALSO THERES A RELEASE AND ADAVIT THAT I AND EX JAMILA SIGNED IN FILLED IN 2004 THAT SHE DOESN'T WANT SUPPORT, FORGAVE ME FOREVER. JUDGE SIGNED IT WILL ATTACHED IN FOR PROOF, WITH BRIEF.ANY KIND OF RELEASE AND ADAVIT, ALL DOCMENTS BECOME NULL AND VOID, AND DEFS NEED TOO PAY ALL BACK SOPPORT TO TAREQ JABR, WHY ARE THY STILL CHARGING 50 MONTHLY ILLEGALLY.THIS CASE SHOULD BE ZERO SUPPORT ZERO ARREARS A.S .A P YOUR HONORS OF THE COURT.

[4.] IT IS ILLEGAL TO TAKE GARISHMENTS FROM A PERSON ON SSI, AND HARD IN INFORCEMENTS ON TAREQ JABR YOUR HONORS NO PASSPORT FROM ALL ILLEGAL CASE HERE.

(Sic passim.)

{¶ 5} Appellant's assignments of error are interrelated, so we will address them together. None of the purported assignments of error addresses the legal basis for the Court of Claims grant of appellees' motion to dismiss. However, in the interest of justice, we interpret appellant's assignments of error as essentially alleging that the Court of Claims erred in granting appellees' motion to dismiss. For the following reasons, we disagree.

**Standard of Review**

{¶ 6} Because the Court of Claims found that it lacked subject-matter jurisdiction over appellant's claims, we begin by examining the application of Civ.R. 12(B)(1). Civ.R. 12(B)(1) permits dismissal of a complaint where the trial court lacks jurisdiction over the subject matter of the litigation. The standard of review for a dismissal pursuant to Civ.R. 12(B)(1) is whether any cause of action cognizable by the forum has been raised in the complaint. *Wash. Mut. Bank v. Beatley*, 10th Dist. No. 06AP-1189, 2008-Ohio-1679, ¶ 8, citing *Milhoan v. E. Local School Dist. Bd. of Edn.*, 157 Ohio App.3d 716, 2004-Ohio-3243,

¶ 10 (10th Dist.); *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80 (1989). We review an appeal of a dismissal for lack of subject-matter jurisdiction de novo. *Id.*

**Legal Analysis**

{¶ 7} At the outset, we note that appellant previously brought an action in the Court of Claims against ODJFS that challenged the lawfulness of the same 2008 administrative child support order at issue here. In that case, the Court of Claims granted ODJFS' motion for judgment on the pleadings and appellant appealed. This court affirmed the decision based upon the Court of Claims' lack of subject-matter jurisdiction over appellant's challenge to the administrative child support order. *Jabr v. Ohio Dept of Job & Family Servs.*, 10th Dist. No. 15AP-1141, 2016-Ohio-4775, ¶ 10. This court stated:

> Pursuant to R.C. 2743.02 and 2743.03, the Court of Claims has exclusive subject-matter jurisdiction over civil actions against the state for money damages that sound in law. *Measles v. Indus. Comm.*, 128 Ohio St.3d 458, 2011-Ohio-1523, ¶ 7. However, the Court of Claims' subject-matter jurisdiction does not encompass actions that include a prayer for money damages but, in actuality, seek review of an administrative order. *Shampine v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 11AP-123, 2011-Ohio-6057, ¶ 17-19; *Chenault v. Ohio Dept. of Job & Family Servs.*, 194 Ohio App.3d 731, 2011-Ohio-3554, ¶ 17-20 (10th Dist.); *George v. Ohio Dept. of Human Servs.*, 10th Dist. No. 04AP-351, 2005-Ohio-2292, ¶ 35. An action in the Court of Claims is not a substitute for a statutorily created right of appeal of an administrative decision. *George* at ¶ 35. Thus, when resolution of a claim would require the Court of Claims to review an administrative order that is subject to its own statutory appeals process, the characterization of the claim as a claim for damages does not render the claim justiciable in the Court of Claims.

*Id.* at ¶ 10.

{¶ 8} This court further noted that appellant's claim:

> revolve[d] around an administrative child support order. [Appellant] wants the Court of Claims to vacate that order, return the money paid under that order, and award damages for injuries he claims that he suffered due to that order's imposition and enforcement. The Court of Claims, however, is not the proper forum for Jabr's complaint. Jabr, instead, must pursue relief from the administrative child support order in the manner prescribed by the statutes governing such orders. [*See* R.C. 3111.84.]

*Id.* at ¶ 11.

{¶ **9**}    Because Jabr's recourse for relief from the administrative child support order was with the Juvenile Division of the Cuyahoga County Court of Common Pleas and/or the Cuyahoga County Child Support Enforcement Agency, we concluded that the Court of Claims lacked subject-matter jurisdiction over Jabr's action.    *Id.* at ¶ 12.  Appellees cite to *Jabr* in arguing that the Court of Claims lacks subject-matter jurisdiction over appellant's claims in the case at bar.    Our decision in *Jabr* also raises the question of whether appellant's claims are barred by res judicata.

{¶ **10**}  "The doctrine of res judicata encompasses two related concepts (1) claim preclusion or estoppel by judgment – precluding parties from rearguing claims that were litigated in a prior suit – and issue preclusion or collateral estoppel – precluding parties from rearguing issues that were previously litigated."  *Davie v. Nationwide Ins. Co. of Am.*, 8th Dist. No. 105261, 2017-Ohio-7721, ¶ 46.  Because this court determined in *Jabr* that the Court of Claims lacked subject-matter jurisdiction over appellant's previous challenge to the imposition and enforcement of the 2008 child support order, appellant's complaint in the case at bar implicates the doctrine of issue preclusion or collateral estoppel.  "Issue preclusion applies where: (1) the party against whom estoppel is sought was a party or in privity with a party to the prior action; (2) there was a final judgment on the merits in the prior action after a full and fair opportunity to litigate the issue; (3) the issue was necessary to the final judgment in the prior action and (4) the issue in the prior action is identical to the issue in the subsequent action."  *Id.* at ¶ 48.  In addition, an issue that " 'was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies' regardless of whether the claims involved in the action were the same or different."  *Id.* at ¶ 46, quoting *Powell v. Wal-Mart Stores, Inc.*, 8th Dist. No. 101662, 2015-Ohio-2035, ¶ 13, quoting *Fort Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395 (1998).  "Essentially, issue preclusion prevents the relitigation of facts and issues that the parties or their privies fully litigated in a previous case." *State v. Harding,* 10th Dist. No. 13AP-362, 2014-Ohio-1187, ¶ 18.

{¶ **11**}  When subject-matter jurisdiction over a claim brought by the same parties or their privies has been actually and directly litigated, the doctrine of issue preclusion

(collateral estoppel) prevents the relitigation of that jurisdictional issue in a subsequent action unless, subsequent to the initial dismissal, there are developments that cure the jurisdictional deficiency identified in the first suit.  *Id.* at ¶ 19-21.  As we explained in *Harding*:

> Thus, for example, if a court of common pleas decides that jurisdiction is properly before the Court of Claims of Ohio because the defendant in the action before it is a state agency, the doctrine of issue preclusion will bar relitigation of the defendant's agency status.  In a subsequent action, the parties cannot again raise the issue underlying the jurisdictional determination—whether the defendant is a state agency or not. Consequently, a second, identical action brought in a court of common pleas will result in dismissal. *See George v. State*, 10th Dist. No. 10AP-4, 2010-Ohio-5262, ¶ 16 (holding that if a common pleas court dismisses an action because jurisdiction is properly before the Court of Claims, an identical action "refiled in the same forum * * * could only, by operation of [issue preclusion], be dismissed on the same grounds").
>
> However,  dismissal of a second action is not appropriate if, in the interim subsequent to the initial dismissal, there are developments that "cure" the jurisdictional deficiency identified in the first suit.  Under the curable-defect doctrine, a party may bring a suit again " 'where a jurisdictional defect has been cured or loses its controlling force.' " *Park Lake Resources Ltd. Liability Co. v. United States Dept. of Agriculture*, 378 F.3d 1132, 1137 (10th Cir.2004), quoting *Eaton v. Weaver Mfg. Co.*, 582 F.2d 1250, 1256 (10th Cir.1978). A post-dismissal cure forestalls the application of issue preclusion because it changes the facts or occurrences that a court must consider to decide whether it has jurisdiction. Where there has been a change of facts or occurrences since a decision was rendered, which would have been relevant to the resolution of a material issue involved in the earlier action, the doctrine of issue preclusion will not bar litigation of that issue in the later action.  *State ex rel. Westchester Estates, Inc. v. Bacon*, 61 Ohio St. 2d 42, 399 N.E.2d 81 (1980), paragraph two of the syllabus.

(Citations omitted.)  *Id.* at ¶ 20-21; *see also Dunlop v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 19AP-58, 2019-Ohio-3632, ¶ 10-14 (res judicata barred relitigation of subject-matter jurisdiction in dispute over enforcement of a child support order); *Goeller*

*v. Moore*, 10th Dist. No. 04AP-394, 2005-Ohio-292, ¶ 5 (challenge to trial court's subject-matter jurisdiction in a child custody dispute barred by collateral estoppel when that issue was litigated by the same parties and decided in a previous habeas corpus action before the Supreme Court of Ohio).

{¶ 12} In the case at bar, as in *Jabr*, appellant has challenged the imposition and enforcement of a child support order. ODJFS was a defendant in *Jabr* and is a defendant here. This court rendered a final judgment in *Jabr* finding that the Court of Claims lacked subject-matter jurisdiction over such a challenge because Jabr was required to "pursue relief from the administrative child support order in the manner prescribed by the statutes governing such orders." *Jabr*, 10th Dist. No. 15AP-1141, 2016-Ohio-4775 at ¶ 11. We can discern nothing in appellant's complaint that suggests this jurisdictional flaw has been remedied. Therefore, appellant's challenge to the imposition and enforcement of a child support order in the Court of Claims is barred by the collateral estoppel form of res judicata.[1]

{¶ 13} For this reason, we overrule appellant's assignments of error, and we affirm the judgment of the Court of Claims of Ohio.[2]

*Judgment affirmed.*

BEATTY BLUNT and NELSON, JJ., concur.

––––––––––

[1] We recognize that the Court of Claims interpreted appellant's claims as equitable in nature, and for that reason concluded that it lacked subject-matter jurisdiction. Although we agree that the Court of Claims lacked subject-matter jurisdiction, we reach that conclusion based upon the final judgment in *Jabr*, not the rationale set forth by the Court of Claims. The Court of Claims' determination that appellant's claims are equitable in nature is questionable given the Supreme Court of Ohio's recent decision in *Cirino v. Ohio Bur. of Workers' Comp.*, 153 Ohio St.3d 333, 2018-Ohio-2665. Where a trial court enters a legally correct judgment but articulates an incorrect rationale for doing so, a court of appeals nonetheless affirms as a matter of law because there has been no prejudice to the appealing party. *State v. Roberts*, 7th Dist. No. 14 CO 0004, 2016-Ohio-4806, ¶ 23, citing App.R. 12(B).

[2] Because we affirm the judgment of the Court of Claims based upon our holding in *Jabr* that the Court of Claims lacked subject-matter jurisdiction over appellant's claims, we decline to address the Civ.R. 12(B)(6) basis for the Court of Claims' decision.