[Cite as *Ohio Assn. of Pub. School Emps. v. School Emps. Retirement Sys. of Ohio*, 2020-Ohio-3005.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Ohio Association of Public School Employees (OAPSE)/ AFSCME Local 4, AFL-CIO et al., | : | |
| Plaintiffs-Appellants, | : | |
| | : | No. 19AP-288 |
| v. | : | (C.P.C. No. 18CV-891) |
| School Employees Retirement System of Ohio et al., | : | (REGULAR CALENDAR) |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on May 19, 2020

**On brief:** *Thomas C. Drabick, Jr.*, for appellants. **Argued:** *Thomas C. Drabick, Jr.*

**On brief:** *Ice Miller, LLP*, *Allen G. Starkoff*, and *Steven D. Forry*, for appellee School Employees Retirement System of Ohio. **Argued:** *Steven D. Forry.*

**On brief:** *Roetzel & Andress, LPA, Ronald Kopp* and *Jessica A. Lopez*; *Baker, Donelson, Bearman, Caldwell & Berkowitz, Robert G. Brazier*, and *Steven G. Hall,* for appellee Cavanaugh Macdonald Consulting, LLC.

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Plaintiffs-appellants Ohio Association of Public School Employees (OAPSE)/AFSCME Local 4, AFL-CIO and individually-named plaintiffs-appellants who are current or retired members of the OAPSE/AFSCME Local 4 (collectively, "OAPSE"), appeal from the judgment of the Franklin County Court of Common Pleas granting the

Civ.R. 12(B)(6) motions to dismiss defendants-appellees School Employees Retirement System of Ohio ("SERS"); the Ohio Attorney General ("OAG"); and Cavanaugh Macdonald Consulting, LLC ("CMC"). For the following reasons, we affirm the judgment of the trial court.

## I. Facts and Procedural History

{¶ 2} This case arises from a decision by the SERS Board of Trustees (the "Board") to suspend all cost-of-living-adjustment ("COLA") increases for retiree beneficiaries of SERS for three years beginning on January 1, 2018 pursuant to R.C. 3309.374(B). On September 29, 2017, pursuant to the passage of H.B. No. 49, R.C. 3309.374(B) was amended to provide that:

> Effective January 1, 2018, the retirement board may annually increase each allowance, pension, or benefit payable under this chapter by the percentage increase, if any, in the consumer price index, not to exceed two and one-half per cent, as determined by the United States bureau of labor statistics (U.S. city average for urban wage earners and clerical workers: "all items 1982-84=100") for the twelve-month period ending on the thirtieth day of June of the immediately preceding calendar year. No increase shall be made for a period in which the consumer price index did not increase.

{¶ 3} Shortly thereafter, on October 9, 2017, the Board voted to suspend the COLA for retiree pensions for three years beginning January 1, 2018 in order to "address immediate financial challenges and long-term funding goals." (Compl. at ¶ 12.) Subsequently, on March 23, 2018, pursuant to the passage of Am.Sub.S.B. 8, R.C. 3309.374 was further amended to provide, in pertinent part, "that a recipient of an allowance, pension, or benefit that commences on or after January 1, 2018, is eligible for an increase under division (B) of this section on and after the number of anniversaries of the allowance, pension, or benefit determined by the retirement board." R.C. 3309.374(C). On January 29, 2018, OAPSE filed an action for declaratory judgment seeking to invalidate the three-year COLA freeze instituted by SERS based on six grounds:

> 1)  the Board's decision to suspend all COLA increases for three years exceeded SERS's statutory authority under R.C. 3309.374;
>
> 2)  the Ohio General Assembly improperly delegated its law-making function to SERS by permitting the Board to make decisions regarding the COLA;

3) H.B. 49, which amended R.C. 3309.374 to permit the Board to make decisions regarding the COLA, violates the one-subject provision of Article II, Section 15(D) of the Ohio Constitution (the "one-subject rule");

4) Am.Sub.S.B. 8, which further amended R.C. 3309.374 to permit the Board to determine how long new retirees had to wait to be entitled to a COLA violates the One-Subject Rule;

5) SERS violated Equal Protection rights of SERS retirees by creating different classifications of retirees based on different time lengths of the COLA freeze; and

6) the Board's decision to enact the three-year COLA freeze "was procured through fraud and misrepresentations" by "SERS administrators and its actuary."

(Compl. at ¶ 23.)

{¶ 4} Each defendant filed a motion to dismiss pursuant to Civ.R. 12(B)(6). SERS filed its motion on March 2, 2018; OAG filed its motion on March 2, 2018; and CMC filed its motion on March 30, 2018.

{¶ 5} On April 2, 2019, the trial court issued a decision and entry which granted each of the three motions to dismiss. The trial court began by dismissing the constitutional claims against all defendants on the basis that the state of Ohio was a necessary party, yet it had not been joined, thus depriving the court of jurisdiction over the declaratory judgment action as to all defendants on these claims. The trial court further found that even if it did have jurisdiction over the constitutional claims, OAPSE failed to state claims against any of the named defendants because there was no actual controversy between them. This was so, explained the trial court, because the allegations, even if taken as true, were that the General Assembly had violated the one-subject rule when passing both H.B. 49 and Am.Sub.S.B. 8, and had improperly delegated its legislative authority to SERS in amending R.C. 3309.374. Thus, reasoned the trial court, an actual controversy, if it exists at all, exists between OAPSE and the General Assembly, which was not named as a defendant.

{¶ 6}    Next, the trial court dismissed all claims against the OAG because OAPSE had not stated any claims against him and because the OAG specifically disclaimed his prerogative to participate in the action as an independent party.[1]

{¶ 7}    The trial court then dismissed the claim for "fraudulent misrepresentation" against SERS and CMC because no allegedly fraudulent statements were made by either of them to any of the individual plaintiffs.  The trial court explained that the plaintiffs alleged that "SERS administrators" and CMC made fraudulent misrepresentations to the Board to persuade the Board to vote for the COLA freeze, but plaintiffs had no standing to assert a claim for fraud as a third-party "beneficiary."  The trial court also dismissed the remaining claims against CMC for failure to allege an actual controversy exists between OAPSE and CMC.[2]

{¶ 8}    Lastly, the trial court dismissed all remaining claims against SERS.  In dismissing the Equal Protection claim, the trial court found that because none of the plaintiffs alleged any actual injury, and alleged only speculative, future injury, plaintiffs lacked standing to bring this claim.  In dismissing the claim that SERS exceeded statutory authority and "failed to comply with R.C. 3309.374," the court found the statute is clear and unambiguous and it gives the Board the discretion to either increase or not increase the COLA annually.  Thus, the Board acted within its statutory authority when it determined not to increase the COLA in its October 9, 2017 decision.  Thus, the trial court granted the motions to dismiss and dismissed all claims.

{¶ 9}    This timely appeal followed.

## II.  Assignments of Error

{¶ 10}  Appellants assign the following three errors for our review:

> [1.]  SERS exceeded its authority when it implemented a three
> year freeze of cost of living adjustments for retiree pensions.
> R.C. 3309.374, as amended, does not grant such authority to
> SERS. The trial court erred as a matter of law in concluding

[1] OAPSE did not appeal this portion of the trial court's judgment and therefore the OAG did not file a brief with this court.

[2] On appeal, CMC filed an appellate brief. However, subsequently, on September 30, 2019, CMC filed a notice of waiver of oral argument wherein it noted that plaintiffs-appellants had "confirmed that they have not appealed from, or otherwise challenged, that portion of the trial court's final decision granting Defendant-Appellee Cavanaugh Macdonald Consulting, LLC's Motion to Dismiss all claims against Appellee Cavanaugh Macdonald Consulting."

that R.C. 3309.374 authorized SERS to freeze the COLA for three consecutive years.

[2.] The trial court erred as a matter of law when it dismissed appellants' constitutional claims challenging HB 49 and SB 8 for failure to name "the State of Ohio" as a party to the action when in fact, appellants named the constitutional officer of the State of Ohio authorized to be served with process on behalf of the State (the Ohio Attorney General), and the statutory agency that benefited from the adoption of HB 49 and SB 8 and should act to defend the statute.

[3.] Appellants' complaint stated valid, colorable, and persuasive claims for declaratory judgment that the HB 49 and SB 8 amendments to R.C. 3309.374 violated the one subject rule and that HB 49 was an improper delegation of law making authority to SERS. Such claims were not appropriate for dismissal under Ohio Civ.R. 12(B)(6).

## III. Standard of Review

{¶ 11} A motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim on which relief can be granted tests the sufficiency of the complaint. *Volbers-Klarich v. Middletown Mgt.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶ 11. In order for a court to dismiss a case pursuant to Civ.R. 12(B)(6) "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. The court must presume all factual allegations contained in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *Jones v. Greyhound Lines, Inc.*, 10th Dist. No. 11AP-518, 2012-Ohio-4409, ¶ 31, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). In considering a Civ.R. 12(B)(6) motion to dismiss, a trial court may not rely on allegations or evidence outside the complaint. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207 (1997).

{¶ 12} When reviewing a judgment rendered on a Civ.R. 12(B)(6) motion to dismiss, our standard of review is ordinarily de novo. *Pankey v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 13AP-701, 2014-Ohio-2907, ¶ 7; *Foreman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-15, 2014-Ohio-2793, ¶ 9, citing *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5. However, a trial court's dismissal of a declaratory judgment action is reviewed under an abuse of discretion standard. *Mid-Am. Fire & Cas. Co. v.*

*Heasley*, 113 Ohio St.3d 133, 2007-Ohio-1248, paragraph two of the syllabus, following *Bilyeu v. Motorists Mut. Ins. Co.*, 36 Ohio St.2d 35, 37 (1973).

{¶ 13} An abuse of discretion connotes more than an error of law or judgment; it implies that the court's action was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "An appellate court may find an abuse of discretion when the trial court 'applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact.' " *Bellamy v. Montgomery*, 10th Dist. No. 11AP-1059, 2012-Ohio-4304, ¶ 7, quoting *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶ 15 (8th Dist.).

{¶ 14} Importantly, the abuse of discretion standard applies only to the review of a trial court's holding regarding justiciability. *Arnott v. Arnott*, 132 Ohio St.3d 401, 2012-Ohio-3208, ¶ 13; *Youngstown City School Bd. of Edn. v. State*, 10th Dist. No. 17AP-775, 2018-Ohio-2532, ¶ 8. Once a trial court determines that a matter is appropriate for declaratory judgment, its holding regarding questions of law are reviewed on a de novo basis. *Id.*

## IV. Law and Analysis

### A. First Assignment of Error

{¶ 15} In its first assignment of error, OAPSE contends the trial court erred when it found that R.C. 3309.374 authorized SERS to freeze the COLA for three consecutive years.[3] We disagree.

{¶ 16} The construction and interpretation of statutes is a recognized function of declaratory action. *Town Ctrs. Ltd. Partnership v. Ohio State Atty. Gen.*, 10th Dist. No. 99AP-689 (Apr. 4, 2000). R.C. 2721.03 provides that any person "whose rights, status, or other legal relations are affected by a constitutional provision, statute, [or] rule" may have determined "any question of construction or validity arising under the instrument, constitutional provision, statute, [or] rule * * * and obtain a declaration of rights, status, or other legal relations under it."

---

[3] In the trial court, OAPSE also asserted a claim against SERS that the COLA freeze violated the Equal Protection rights of retirees because it set up different classifications for the length of time a retiree had to wait to receive his or her first COLA increase depending on when the retiree retires. On appeal, OAPSE has abandoned this claim and makes no argument on this issue. Likewise, OAPSE's claim against SERS for "fraud and misrepresentation" has also been abandoned on appeal.

{¶ 17} The court's primary goal of statutory construction "is to give effect to the General Assembly's intent." *Silver Lining Group EIC Morrow Cty. v. Ohio Dept. of Edn. Autism Scholarship Program*, 10th Dist. No. 16AP-398, 2017-Ohio-7834, ¶ 34, citing *State v. Banks*, 10th Dist. No. 11AP-69, 2011-Ohio-4252, ¶ 13, citing *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, ¶ 11. To determine legislative intent, the court looks to and gives effect to the statutory language without deleting or inserting words. *Bailey v. Republic Engineered Steels, Inc.*, 91 Ohio St.3d 38, 2001-Ohio-236. The statutory language must be considered in context, and the court must construe words and phrases "according to the rules of grammar and common usage." *Silver Lining Group* at ¶ 34, citing *Bartchy v. State Bd. of Edn.*, 120 Ohio St.3d 205, 2008-Ohio-4826, ¶ 16 (citation omitted). Where the words in a statute are " 'free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the law-making body, there is no occasion to resort to other means of interpretation.' " *Id.*, citing *Hairston* at ¶ 12, quoting *Slingluff v. Weaver*, 66 Ohio St. 621 (1902), paragraph two of the syllabus.

{¶ 18} " 'It is only where the words of a statute are ambiguous, uncertain in meaning, or conflicting that a court has the right to interpret a statute.' " *Silver Lining Group*, at ¶ 35, quoting *In re Adoption of Baby Boy Brooks*, 136 Ohio App.3d 824, 829 (10th Dist.2000). An ambiguity exists only "if the language of a statute is susceptible of more than one reasonable interpretation." *Id.*, citing *Columbus v. Mitchell*, 10th Dist. No. 16AP-322, 2016-Ohio-7873, ¶ 6.

{¶ 19} R.C. 3309.374(A) and (B) provide in pertinent part as follows:

> (A) Until December 31, 2017, the school employees retirement board **shall** annually increase each allowance, pension, or benefit payable under this chapter by three per cent.
>
> (B) Effective January 1, 2018, the retirement board **may** annually increase each allowance, pension, or benefit payable under this chapter by the percentage increase, if any, in the consumer price index, not to exceed two and one-half per cent, as determined by the United States bureau of labor statistics (U.S. city average for urban wage earners and clerical workers: "all items 1982-84=100") for the twelve-month period ending on the thirtieth day of June of the immediately preceding calendar year. No increase shall be made for a period in which the consumer price index did not increase.

(Emphasis added.)

{¶ 20} A plain reading of R.C. 3309.347(B) leads us to conclude the trial court correctly concluded that R.C. 3309.347 is not ambiguous, uncertain in meaning, or conflicting so as to permit the court to interpret the statute. The plain language of the statute grants discretion to the Board to freeze the COLA for three consecutive years. By use of the word "may" denoting discretion, the statute as amended clearly gives the Board discretion to increase—or not increase—the COLA annually.

{¶ 21} Further, contrary to OAPSE's argument, the use of the word "annually" in the statute in no way evinces a mandate to conduct an annual review. Rather, the use of this word specifically limits the Board to increasing the COLA annually. Put another way, if the Board exercises its discretion to increase the COLA, it may only do so once a year, at the time specified and by using the formula set forth in the amended statute. In short, if the General Assembly had intended to make an annual review mandatory, they would have included such language in the statute when it was amended.

{¶ 22} Accordingly, we overrule OAPSE's first assignment of error.

## B. Second Assignment of Error

{¶ 23} In its second assignment of error, OAPSE asserts that the trial court erred by dismissing its constitutional challenges to H.B. 49 and Am.Sub.S.B. 8 for failure to name the state of Ohio as a party to its declaratory judgment action because OAPSE named the constitutional officer for the state of Ohio (OAG) and the statutory agency that benefited from the passage of H.B. 49 and Am.Sub.S.B. 8 (SERS), both of whom should act to defend the statute. We do not agree that the trial court erred in dismissing OAPSE's constitutional claims.

{¶ 24} A declaratory judgment action is a civil action and provides a remedy in addition to other legal and equitable remedies available. *Victory Academy of Toledo v. Zelman*, 10th Dist. No. 07AP-1067, 2008-Ohio-3561, ¶ 8, citing *Aust v. Ohio State Dental Bd.*, 136 Ohio App.3d 677, 681 (10th Dist.2000). R.C. Chapter 2721, the Declaratory Judgments Act, is remedial in nature; its purpose is to settle and afford relief from uncertainty and insecurity with respect to rights, status and other legal relations and it is to be liberally construed and administered. *Swander Ditch Landowners' Assn. v. Joint Bd.*

*of Huron & Seneca Cty. Commrs.*, 51 Ohio St.3d 131, 134 (1990), citing *Radaszewshi v. Keating*, 141 Ohio St. 489, 496 (1943).

{¶ 25} The essential elements for declaratory relief are: (1) a real controversy exists between the parties, (2) the controversy is justiciable in character, and (3) speedy relief is necessary to preserve the rights of the parties. *Aust* at 681. For a real controversy to exist "there must be a 'genuine dispute between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' " *Town Ctrs.* at ¶ 12, quoting *Wagner v. Cleveland*, 62 Ohio App.3d 8, 13 (8th Dist.1988). A controversy is justiciable when it presents "issues that are ripe for judicial resolution and which will have a direct and immediate impact on the parties." *Cristino v. Ohio Bur. of Workers' Comp.*, 10th Dist. No. 13AP-772, 2014-Ohio-1383, ¶ 22, citing *Stewart v. Stewart*, 134 Ohio App.3d 556, 558 (4th Dist.1999).

{¶ 26} The Ohio Supreme Court has held that not every case is appropriate for a declaratory judgment action brought pursuant to R.C. 2721 and "in keeping with the long-standing tradition that a court does not render advisory opinions, [the declaratory judgment statutes] allow the filing of a declaratory judgment only to decide 'an actual controversy, the resolution of which will confer certain rights or status upon the litigants.' " *Mid-Am. Fire & Cas. Co.* at ¶ 9, citing *Corron v. Corron*, 40 Ohio St.3d 75, 79 (1988). Thus, in the absence of an actual controversy, a trial court may not render a declaratory judgment. *Id.*; *Cristino* at ¶ 25.

{¶ 27} In this case, OAPSE has alleged that H.B. 49 and Am.Sub.S.B. 8 (and hence, amended R.C. 3309.374) are unconstitutional on two grounds: one, that both H.B. 49 and Am.Sub.S.B. 8 violate the "one-subject" rule; and two, that the COLA provisions of H.B. 49 comprise an improper delegation of legislative authority. Both bases directly challenge the actions of the General Assembly, the legislative body of the state of Ohio—*not* the actions of SERS (or either of the other two named defendants). Indeed, the complaint filed by OAPSE makes clear that all allegations asserted by OAPSE in connection with its constitutional claims have been leveled against the General Assembly and not against SERS.

{¶ 28} Thus, as the trial court found, if a controversy exists at all, it exists "between [OAPSE and the General Assembly], not any of the named defendants." (Decision and

Entry at 8.) SERS did not pass the legislation which OAPSE asserts is unconstitutional and/or an improper delegation of authority, and SERS has no authority to defend the legislation or implement any changes to it.[4] In short, there simply is no actual controversy between OAPSE and SERS as pertaining to the constitutional claims. Were the trial court to have determined the merits of the constitutional claims as the case was presented, such a determination would amount to an advisory opinion which is impermissible. *Mid-Am. Fire & Cas. Co.* at ¶ 9. Therefore, on this basis alone, the trial court did not abuse its discretion in dismissing OAPSE's constitutional claims.

{¶ 29} We are cognizant that the trial court dismissed OAPSE's constitutional claims not only because there was no actual controversy between OAPSE and SERS but also because the state of Ohio was not named as a party defendant, and OAPSE now invites us to determine whether the latter basis for dismissal was improper. Nevertheless, as we have already determined that it was not error for the trial court to dismiss OAPSE's constitutional claims for lack of an actual controversy between OAPSE and SERS for that reason alone, we need not decide whether the state of Ohio should have been named as a necessary party to the action. *TP Mech. Contrs., Inc. v. Franklin County Bd. of Comm.,* 10th Dist. No. 09AP-235, 2009-Ohio-3614, ¶ 12 (finding that because an appellate court must affirm a trial court's judgment if there are any valid grounds to support it, and because another valid ground exists to support the trial court's outcome, the court need not decide a separate issue raised by plaintiff); *see also Capital Care Network of Toledo v. Ohio Dept. of Health,* 153 Ohio St.3d 362, 2018-Ohio-440, ¶ 31, quoting *PDK Laboratories, Inc. v. United States Drug Enforcement Admin.,* 362 F.3d 786, 799 (D.C.Cir.2004) (Roberts, J., concurring in part and concurring in judgment) (" 'if it is not necessary to decide more, it is necessary not to decide more' ").

---

[4] Likewise, contrary to OAPSE's contention in its second assignment of error, neither does the OAG have any authority to defend the allegedly offending legislation. In any event, as noted previously, OAPSE did not appeal that portion of the trial court's judgment which dismissed all claims against the OAG on grounds that OAPSE had not stated any claims against him and because the OAG specifically disclaimed his prerogative to participate in the action as an independent party pursuant to R.C. 2721.12. OAPSE cannot be heard now to complain that the OAG should yet be a party to this appeal.

{¶ 30} Accordingly, for the foregoing reasons, the trial court did not err in dismissing OAPSE's constitutional claims, and we overrule OAPSE's second assignment of error.

### C. Third Assignment of Error

{¶ 31} In its third assignment of error, OAPSE asserts the trial court erred by dismissing its constitutional claims for declaratory judgment because such claims were not appropriate for dismissal pursuant to Civ.R. 12(B)(6). We find no merit in this assignment of error.

{¶ 32} On appeal, OAPSE is essentially asking this court to determine the constitutional claims notwithstanding that the trial court dismissed them based on issues of justiciability and jurisdiction as discussed above. And, although SERS presents arguments in response to OAPSE's arguments on these issues, we decline to proceed to the merits of the constitutional issues. As discussed above, the constitutional claims were properly dismissed on independent grounds and the merits were never considered by the trial court, and for this court to consider the merits now would be inappropriate for two reasons. First, "[g]enerally, appellate courts do not address issues which the trial court declined to consider." (Citations omitted.) *Young v. Univ. of Akron*, 10th Dist. No. 06AP-1022, 2007-Ohio-4663, ¶ 22 Second, and more importantly, the Ohio Supreme Court has "long held that '[c]onstitutional questions will not be decided until the necessity for a decision arises on the record before the court.' " *In re Application of Black Fork Wind Energy, L.L.C.*, 156 Ohio St.3d 181, 2018-Ohio-5206, ¶ 29, quoting *State ex rel. Herbert v. Ferguson*, 142 Ohio St. 496 (1944).

{¶ 33} Upon consideration, we find no necessity for a decision on the constitutional claims asserted in this case. Accordingly, we overrule OAPSE's third assignment of error.

### V. Disposition

{¶ 34} For the foregoing reasons, OAPSE's three assignments of error are overruled. Accordingly, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

KLATT and LUPER SCHUSTER, JJ., concur.

_____