[Cite as *In re K.S.*, 2022-Ohio-2827.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

| | | |
|---|---|---|
| IN RE: | : | |
| K.S., et al. | : | CASE NO. CA2021-09-020 |
| | : | O P I N I O N<br>8/15/2022 |
| | : | |
| | : | |
| | : | |

APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case Nos. AND20190581 thru AND20190585

Jess C. Weade, Fayette County Prosecuting Attorney, and Rachel S. Martin, Assistant Prosecuting Attorney, for appellee.

Kathryn Hapner, for appellant.

**BYRNE, J.**

{¶ 1} Father, the biological father of Amber, Alicia, and Kory ("the children")[1], appeals from the decision of the Fayette County Court of Common Pleas, Juvenile Division, which granted legal custody of the children to a family member. For the reasons described below, we reverse the juvenile court's decision.

---

1. For privacy and readability, we refer to the children using fictitious names.

## I. Facts and Procedural Background

{¶ 2} In October 2019, Fayette County Children Services ("FCCS" or "the agency") filed complaints alleging that Amber (approximately four and one-half years old) and Alicia (five and one-half years old) were dependent and neglected children. The agency alleged that Kory (nearly seven years old), was an abused, dependent, and neglected child. FCCS alleged that an older, maternal half-sibling had accused Father of rape. The complaints further alleged that the siblings accused Father of physically abusing Kory.

{¶ 3} The complaints also alleged the children's biological Mother had moved in with her family members, "Aunt" and "Uncle." However, Mother had then left the children with Aunt and Uncle and checked herself into a psychiatric hospital.

{¶ 4} FCCS requested an order for temporary custody of the children. The juvenile court granted temporary custody. The agency placed the children with Aunt and Uncle, where they remained for the rest of the case.

{¶ 5} Two months later, in December 2019, Mother and Father stipulated that the children were dependent pursuant to R.C. 2151.04(A). The parties further stipulated that the children should remain in the agency's temporary custody. The court adjudicated the children dependent and continued temporary custody with FCCS.

{¶ 6} Both Mother and Father entered case plans for reunifying with the children. The court denied Father visitation with the children while law enforcement investigated the rape allegation. Ultimately, law enforcement charged Father with the rape of the older daughter.

{¶ 7} However, in April 2021 – 18 months after the filing of the complaints – Father moved for visitation. In this motion, Father noted that a jury had acquitted him of all charges against him. The agency did not object and the court granted visitation.

{¶ 8} In June 2021, Aunt moved for legal custody of the children. Later that month,

Father moved for legal custody of the children.

{¶ 9} The juvenile court conducted the hearing on legal custody the following month. Mother, Father, Aunt, and an FCCS investigator testified.[2] In August 2021, the court issued its decision on legal custody.

{¶ 10} Reviewing the relevant facts of the case, the court found that it was in the children's best interest to place them in Aunt's legal custody. The court ordered that Mother and Father would continue to enjoy visitation time with the children as directed by the court.

{¶ 11} Father appealed, raising three assignments of error.

## II. Law and Analysis

{¶ 12} Assignment of Error No. 1:

{¶ 13} THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO APPOINT A GUARDIAN AD LITEM TO REPRESENT THE CHILDREN'S INTERESTS AS REQUIRED BY ORC 2151.281 AND JUVENILE RULE 4.

{¶ 14} Father contends that the juvenile court erred by failing to appoint the children a guardian ad litem ("GAL") to protect their best interests. Father argues that the Revised Code and the Rules of Juvenile Procedure mandate the appointment of a GAL in every case where the complaining party alleges abuse or neglect. The state concedes error and suggests that we reverse and remand to appoint a GAL.

{¶ 15} R.C. 2151.281(B)(1) provides in relevant part that, "the court shall appoint a guardian ad litem, subject to rules adopted by the supreme court, to protect the interest of a child in any proceeding concerning an alleged abused or neglected child * * *." Similarly, the version of Juv.R. 4(B) in effect at the time of the children's removal provided,

**Guardian ad Litem; When Appointed.** The court shall appoint

---

2. Mother did not move for custody. She testified at the hearing that she was still working on her case plan for reunification and asked the court to give her more time to work on the plan. Mother did not participate in this appeal.

a guardian ad litem to protect the interests of a child or incompetent adult in a juvenile court proceeding when:

* * *

(5) Any proceeding involves allegations of abuse or neglect, voluntary surrender of permanent custody, or termination of parental rights as soon as possible after the commencement of such proceeding.[3]

{¶ 16} The plain language R.C. 2151.281(B)(1) and Juv.R. 4(B) require a court to appoint a GAL for the benefit of a child in any proceeding involving or concerning allegations of abuse or neglect. In this case, the complaints filed alleged that all three children were neglected. The complaint concerning Kory alleged that he was an abused child. Based on the allegations presented and the plain language of the statute and rule described above, the court was required to appoint the children a GAL.

{¶ 17} It is undisputed that the juvenile court in this case did not appoint a GAL. It is also undisputed that no party specifically requested that the court appoint the children a GAL and no party objected to the procedures at the trial court level. Nonetheless, other courts that have encountered this circumstance have found reversible error.

{¶ 18} In *In re A.G.B.,* 4th Dist. Scioto No. 06CA3084, 2007-Ohio-4753, a legal custody case, the court of appeals held that the court's duty to appoint a GAL was mandatory and was not waived because of a mother's failure to request a GAL. In that case, the father filed a complaint alleging that the parties' daughter was abused, neglected, and dependent and sought an order granting him legal custody. *Id.* at ¶ 3. The juvenile court subsequently adjudicated the daughter neglected and dependent. *Id.* at ¶ 5-6. Later, a magistrate issued a decision granting the father's request for custody and further granting the mother visitation. *Id.* at ¶ 7. The mother objected to the magistrate's decision, arguing

---

3. The current version of Juv.R. 4(B), effective July 1, 2020, adds dependency as a ground mandating the appointment of a GAL. This version was not in effect at the time of the children's removal.

- 4 -

that the custody decision was not in the daughter's best interest. *Id.* at ¶ 8. The juvenile court overruled the mother's objections. *Id.* at ¶ 9.

{¶ 19} On appeal to the Fourth District, the mother argued for the first time that the juvenile court erred by failing to appoint the children a GAL. *Id.* The father argued that the mother failed to request the appointment of a GAL and thus had waived the right to assign error in this regard. *Id.* at ¶ 14. The appellate court noted that it had previously found that R.C. 2151.281(B)(1) and Juv.R. 4(B) conferred a child with a mandatory right to the appointment of a GAL in permanent custody proceedings and that the court had previously sua sponte raised the issue of failing to appoint a GAL in another permanent custody case. *Id.* at ¶ 13-14. The court observed that because parents have a fundamental liberty interest in the care, custody, and management of their child, the same reasoning applicable in permanent custody proceedings should apply in legal custody proceedings. *Id.* at ¶ 15, citing *Santosky v. Kramer*, 455 U.S. 745, 753, 102 S.Ct. 1388 (1982).

{¶ 20} Moreover, the Fourth District noted that the right to the appointment of GAL belongs to the child. *Id.* When considering that other parties in a custody proceeding might have a conflicting interest with the child's best interest, the failure of a party to object or request a GAL could not constitute a waiver of the court's duty to appoint a GAL. *Id.* Other courts have held similarly. *In re P.H.*, 5th Dist. Perry Nos. 18-CA-00008 and 18-CA-00010, 2019-Ohio-137, ¶ 50; *In re Myer*, 5th Dist. Delaware No. 80-CA-10, 1981 Ohio App. LEXIS 4942, *10-11 (June 16, 1981).

{¶ 21} We agree with this reasoning. Because this was a "proceeding concerning * * * alleged abused or neglected" children, the juvenile court was required to appoint the

children a GAL. R.C. 2151.281(B)(1); Juv.R. 4(B).[4] That the parties failed to request the appointment of a GAL or object to the juvenile court's procedures did not waive the court's mandatory duty to appoint a GAL. *In re A.G.B.* at ¶ 15; *In re P.H.* at ¶ 50; *In re Myer* at *10-11. Based on the foregoing analysis, we sustain Father's first assignment of error, reverse the legal custody decision, and remand for appointment of a GAL and for further proceedings.

{¶ 22} Assignment of Error No. 2:

{¶ 23} THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY NOT APPLYING THE CORRECT LEGAL STANDARD IN MAKING ITS AWARD OF LEGAL CUSTODY.

{¶ 24} Assignment of Error No. 3:

{¶ 25} THE TRIAL COURT'S AWARD OF LEGAL CUSTODY TO A NON-PARENT RELATIVE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THUS CONSTITUTES REVERSIBLE ERROR.

{¶ 26} In his second assignment of error, Father argues that the court erred by not making a parental unsuitability finding. In his third assignment of error, Father challenges the weight of the evidence supporting the legal custody decision. Our ruling on the first assignment of error renders these assignments of error moot and they need not be considered. App.R. 12(A)(1)(c).

### III. Conclusion

{¶ 27} The juvenile court erred by not appointing the children a GAL to represent

---

4. We also note that pursuant to R.C. 2151.281(B)(2)(b), the court "shall" appoint a GAL for an alleged *dependent* child if "[t]here is a conflict of interest between the child and the child's parents * * *." (Emphasis added.) It would seem to us that when the state alleges that a child is dependent due to the actions or inactions of a parent, a conflict of interest would presumably exist between the child and parent and thus mandate the appointment of a GAL under R.C. 2151.281(B)(2)(b). However, Father did not raise an argument under R.C. 2151.281(B)(2)(b) so we need not decide this issue.

their interests in the legal custody proceedings. We reverse the legal custody decision, remand for the appointment of a GAL and for any necessary proceedings afterwards.

{¶ 28} Judgment reversed and remanded.

S. POWELL, P.J., and HENDRICKSON, J., concur.