[Cite as *Donovan v. Lebanon*, 2024-Ohio-6059.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| CAROL DONOVAN, ET AL., | : | |
| Appellants, | : | CASE NO. CA2023-05-037 |
| | : | O P I N I O N |
| - vs - | : | 12/30/2024 |
| | : | |
| CITY OF LEBANON, ET AL., | : | |
| Appellees. | : | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 21-CV-094117

Finney Law Firm, LLC, and Christopher P. Finney and Rebecca L. Simpson; and The Law Firm of Curt C. Hartman, and Curt C. Hartman, for appellees, City of Lebanon and Mark Yurich, in his official capacity as City of Attorney of the City of Lebanon.

Benesch, Friedlander, Coplan & Aronoff, LLP, and Michael D. Meuti and Abigail Riffee, for appellants.

**BYRNE, J.**

{¶ 1} Plaintiffs-Appellants, Brooke Handley and David Iannelli (collectively, "Taxpayers"), appeal from the decision of the Warren County Court of Common Pleas, which granted summary judgment in favor of Defendants-Appellees, the City of Lebanon,

and Mark Yurick, in his capacity as city attorney for the City of Lebanon (collectively, "Lebanon"). The decision also denied Taxpayers' competing motion for summary judgment. For the reasons described below, we find that Taxpayers lacked standing to bring this complaint and therefore we vacate the judgment on appeal.

## I. Factual and Procedural Background

{¶ 2} In March 2021, Taxpayers filed suit against Lebanon in the Warren County Court of Common Pleas alleging two causes of action.[1] Count One was a taxpayer claim for injunctive relief brought pursuant to R.C. 733.59. Count Two was a declaratory judgment action brought pursuant to R.C. 2721.01 et seq.

{¶ 3} The complaint alleged that in March 2020, the City of Lebanon City Council passed an ordinance that permitted "licensed individuals" (meaning those who carried a concealed carry weapon's license) to carry concealed weapons inside the City of Lebanon City Building ("City Building"), "during times when the Lebanon Municipal Court is not in operation."

{¶ 4} The full text of the ordinance states as follows:

> § 508.13 CONCEALED HANDGUN POSSESSION ON CITY OWNED PROPERTY/BUILDINGS
>
> Pursuant to Ohio Revised Code section [2923.126], a licensee under Ohio Revised Code section 2923.125 or section 2923.1213 is authorized to carry a concealed handgun in the City of Lebanon, Ohio City Building located at 50 South Broadway, Lebanon, Ohio, except during the operation of any function of the Lebanon Municipal Court.

{¶ 5} The complaint alleged that ordinance 508.13 (hereinafter referred to as, "the ordinance") conflicted with several state laws banning the carrying of firearms into a courthouse and buildings or structures containing a courtroom. Specifically, the complaint

---

1. A third plaintiff, Carol Donovan, was also named in the complaint. However, at some point during the proceedings, Donovan moved out of the City of Lebanon and was then dismissed as a party plaintiff.

alleged that the ordinance conflicted with R.C. 2923.123(A) and (B), and 2923.126(B)(3) and (7). Generally, these sections apply to those who are licensed under Ohio law to carry concealed weapons and explicitly prohibit them from carrying such weapons in "A courthouse or another building or structure in which a courtroom is located . . . ." R.C. 2923.126(B)(3).

{¶ 6} In the complaint, Taxpayers alleged that the ordinance "interfered" with their participation in the democratic process. Taxpayer Ianelli alleged that he could no longer attend City Council meetings held at the City Building due to fear of the presence of concealed firearms at such meetings. Taxpayer Handley alleged that she had experienced fear, anxiety, and discomfort while attending City Council meetings. She now devoted time and effort to evaluating which members of the public or councilmembers at council meetings might be carrying concealed weapons. She further alleged that she had censored herself from speaking her mind about issues at City Council meetings due to her fear that people in the meetings were carrying concealed firearms.

{¶ 7} Taxpayers attached to the complaint a letter they sent to the City Attorney's office prior to filing suit. The letter requested that the City Attorney seek an injunction "requiring the City to comply with Ohio law and return to its prohibition on the possession of firearms within the City Building." In the letter, Taxpayers also indicated that if the City Attorney declined to seek this injunction, then Taxpayers would "avail themselves of the remedies available to them as taxpayers pursuant to R.C. 733.59."

{¶ 8} Taxpayers attached to the complaint the response they received from the City of Lebanon, declining to seek injunctive relief and stating its position that the ordinance was "within the power and authority of the City."

{¶ 9} On Count One (the taxpayer claim for injunctive relief), Taxpayers alleged

that R.C. 733.59 permitted them to bring suit, in their own name, on behalf of a municipal organization, if the village solicitor and director failed to seek, upon written request, an order of injunction to restrain the corporation for an "abuse of corporate" powers. Taxpayers alleged that the passage of the ordinance was an abuse of corporate powers because it conflicted with state statutory provisions discussed above and exceeded the City of Lebanon's authority under the Home Rule Amendment to the Ohio Constitution. Taxpayers requested that the court issue an injunction restraining the enforcement of the ordinance. Taxpayers also stated that they were seeking to "enforce the public right to engage in the democratic process and to safely access and petition the City of Lebanon's government, including the City Council."

{¶ 10} On Count Two, declaratory judgment, Taxpayers requested that the court declare that the ordinance conflicted with the Ohio state statutes discussed above and find that the ordinance was invalid and could have no force or effect.

{¶ 11} Following the filing of the complaint, Lebanon moved to dismiss. Lebanon primarily asserted that Taxpayers lacked standing to bring a taxpayer lawsuit under R.C. 733.59 because they were not attempting to enforce a public right, but instead were pursuing their own personal anti-gun agenda. Lebanon also argued that the plaintiffs lacked standing to bring the declaratory judgment claim because they presented no justiciable, real, or present controversy and that their allegations related solely to their personal feelings about concealed carry being allowed in City Council meetings.

{¶ 12} The court denied Lebanon's motion to dismiss, finding that the Taxpayers had properly sued in their own name on behalf of the city and were seeking to enforce a public right. The court further found that Taxpayers had standing to bring a declaratory judgment action because Taxpayers disputed the legal validity of the ordinance and there was a real and immediate controversy between the parties as to its validity.

- 4 -

{¶ 13} Lebanon then answered the complaint and the parties engaged in discovery, including the taking of multiple depositions. In August 2022, Lebanon moved for summary judgment. Taxpayers filed a competing motion for summary judgment.

{¶ 14} In April 2023, the common pleas court issued its decision granting Lebanon's motion for summary judgment and denying Taxpayer's motion for summary judgment. As to Count One, the taxpayer relief claim, the court once again addressed Taxpayers' standing to bring the claim. The court found that Taxpayers possessed standing under R.C. 733.59 to bring the taxpayer claim because Taxpayers had alleged sufficient facts to establish that they were attempting to enforce a public right, "which is the ability to participate in the democratic process by attending city [council] meetings."[2]

{¶ 15} The court then analyzed whether the ordinance conflicted with the cited state statutes. The court found that there was ambiguity in R.C. 2923.126 with respect to the word "courtroom" and specifically whether there is a "temporal limitation" to the word "courtroom." Based on the court's interpretation of the statute and the specific facts related to the use of the courtroom, the court concluded that the ordinance did not conflict with the state laws described above because the ordinance only allowed handguns into the City Building at a time when no court functions were occurring.

{¶ 16} As to Count Two, the declaratory judgment issue, the court again found that the Taxpayers possessed standing. However, because the court had already determined that the ordinance did not conflict with the state statutes, there were no genuine issues of fact to decide, and the court therefore granted summary judgment in favor of Lebanon.

{¶ 17} Taxpayers have appealed, raising a single assignment of error.

---

2. The court noted that other facts in the summary judgment record made it readily apparent that the Taxpayers' actual motive was their own beliefs and/or political motives concerning gun rights, but that this was irrelevant to the question of standing under R.C. 733.59.

**II. Law and Analysis**

{¶ 18} Taxpayers' sole assignment of error states:

THE LOWER COURT ERRED BY DENYING SUMMARYJUDGMENT FOR PLAINTIFFS AND GRANTING SUMMARY JUDGMENT FOR DEFENDANTS.

{¶ 19} Taxpayers argue that the trial court erred in granting summary judgment to Lebanon because the ordinance allegedly conflicts with state statutes prohibiting the carrying of firearms into a building or structure in which a courtroom is located. Taxpayers further argue that the ordinance is an exercise of police power and the conflicting state statutes are general laws. As such, Taxpayers argue that the ordinance violates Ohio's Home Rule Amendment.

**A. Standing to Bring Taxpayer Claim**

{¶ 20} The trial court found that Taxpayers had standing to bring their claim for taxpayer relief under R.C. 733.59. Lebanon has not appealed that finding and does not challenge statutory standing in this appeal. In most cases, if an issue has not been raised by the parties, then we should not address that issue. *See In re C.L.*, 2024-Ohio-616, ¶ 61, fn.2 (12th Dist.); *In re K.S.*, 2022-Ohio-2827, ¶ 21, fn.4 (12th Dist.).

{¶ 21} But the issue of whether Taxpayers have standing under R.C. 733.59 is different, because standing "is a 'jurisdictional requirement' that must be met for a party to maintain a lawsuit." *Ohioans for Concealed Carry, Inc. v. Columbus*, 2020-Ohio-6724, ¶ 42, quoting *State ex rel. Dallman v. Court of Common Pleas*, 35 Ohio St.2d 176, 179 (1973). As a result, "standing 'may be raised at any time during the pendency of the proceedings,' . . . including by a reviewing court sua sponte . . . ." *Id.*, quoting *New Boston Coke Corp. v. Tyler*, 32 Ohio St. 3d 216, paragraph two of the syllabus (1987) and citing *Dallman* at 178 (Ohio Supreme Court sua sponte raised issue of standing and dismissed for lack of standing). We therefore consider the issue of whether Taxpayers have

- 6 -

standing. Based upon our review, we find Taxpayers did not have standing under R.C. 733.59, for the reasons that follow.

{¶ 22} "'Taxpayer actions, involving an abuse of corporate powers, are carefully restricted by court decisions.'" *Ohioans for Concealed Carry v. Columbus*, 2019-Ohio-3105, ¶ 15 (10th Dist.), quoting *Columbus ex rel. Willits v. Cremean*, 27 Ohio App.2d 137, 149 (10th Dist. 1971). And courts have consistently held that "[U]nlike under traditional principles of standing, a party seeking to bring a statutory taxpayer case must, in addition to satisfying the statutory requirements, demonstrate it is seeking to enforce a *public right*." (Emphasis added.) *Id.* at ¶ 25, citing State *ex rel. Fisher v. Cleveland*, 2006-Ohio-1827, ¶ 12, in turn citing *State ex rel. Caspar v. Dayton*, 53 Ohio St.3d 16, 20 (1990).

{¶ 23} Case law is not particularly clear on what constitutes a "public right" for purposes of taxpayer standing under R.C. 733.59. But case law *is* clear that a plaintiff who asks a court to invalidate a local ordinance "merely upon the ground that [it is] unauthorized and invalid" is not seeking to enforce a public right, and does not meet the requirements for taxpayer standing. *State ex rel. Teamsters Local Union No. 436 v. Cuyahoga Cty. Bd. Of Commrs.*, 2012-Ohio-1861, ¶ 14-16 (finding that union was not seeking to enforce a public right where it "merely allege[d] that the existence of a statutorily noncompliant county resolution constitute[d] an injury in and of itself"). This is the case because "[a]lthough a [local government's] failure to comply with a statute would certainly not benefit the public, allowing constant judicial intervention into government affairs for matters that do not involve a clear public right would also not benefit the public." *Id.* at ¶ 17. In other words, Taxpayers cannot establish taxpayer standing under R.C. 733.59 merely by asserting that the ordinance was unlawful under Ohio state law. They must show something else—some public right that they seek to enforce—to establish taxpayer standing.

{¶ 24} The Complaint asserts that Iannelli wanted to attend city council meetings, but that he did not attend because of "fear and stress" caused by "the presence of concealed firearms" after passage of the ordinance. The Complaint also asserts that Handley's attendance and participation at city council meetings were "affected" by the ordinance, which caused her to experience "fear, anxiety, and discomfort."[3] On the basis of these allegations and Taxpayers' testimony, the trial court concluded, in assessing whether Taxpayers had taxpayer standing under R.C. 733.59, that "the motivating force behind [Taxpayers'] litigation is the fact they do not agree with the Ordinance enacted by the City of Lebanon." We agree with the trial court's assessment.

{¶ 25} Taxpayers' personal opposition to the ordinance is not a proper basis for taxpayer standing because it does not constitute enforcement of a public right. *Fisher*, 2006-Ohio-1827 at ¶ 12 (taxpayer standing under R.C. 733.59 may not be based on a "'personal or private motive or advantage'"), quoting *Caspar*, 53 Ohio St.3d at 20 (holding police officers did not have taxpayers standing when seeking redress for denial of certain fringe benefits for their personal benefit). Moreover, Taxpayers have not pointed to any public right to attend city council meetings without fear or anxiety, and we are aware of no basis for such an alleged public right.

{¶ 26} Therefore, we conclude that Taxpayers did not seek to enforce any recognized or recognizable public right, and the trial court erred in concluding that they have standing to bring their claims under R.C. 733.59.

{¶ 27} To the extent Taxpayers may be viewed as asserting that they had standing

---

3. During his deposition, Iannelli stated he does not attend city council meetings, but—diverging from the allegations in the Complaint—he did not list the ordinance among the reasons why he does not attend. Moreover, the record establishes that Handley attended *more*, not fewer, city council meetings and work sessions after passage of the ordinance. This testimony certainly undermines Taxpayers' claims to have been negatively impacted by the ordinance, but this testimony is not necessary to the legal conclusion that we reach regarding standing.

to bring their claims under the public-rights doctrine, we find that argument to be meritless. The public-rights doctrine previously provided a basis for standing separate and different from taxpayer standing under R.C. 733.59 (which is perhaps confusing, as taxpayer standing also requires the assertion of "public rights"). The public-rights doctrine had its basis in the Ohio Supreme Court's decision in *State ex rel. Ohio Academy of Trial Lawyers v. Sheward*, 1999-Ohio-123, ¶ 132-133. But recently, the Ohio Supreme Court found that the public-rights doctrine was not good law, overruled *Sheward*, and held that litigants may not rely on the public-rights standing doctrine "to bypass our well-established standing requirement." *State ex rel. Martens v. Findlay Mun. Court*, Slip Opinion No. 2024-Ohio-5667, ¶ 23. As a result, the public-rights doctrine basis for standing is no longer recognized in Ohio law. Even if the Ohio Supreme Court had not found the public-rights doctrine to be bad law, that doctrine would not apply in this case, as the doctrine only applied to original actions in mandamus and prohibition, neither of which were brought by Taxpayers in this case. *ProgressOhio.org, Inc. v. JobsOhio*, 2014-Ohio-2382, ¶ 10. We are unable to discern any lawful basis to find that Taxpayers had standing to bring the claims at issue in this case under the public-rights doctrine.

### B. Standing to Bring Declaratory Judgment Claim

{¶ 28} In Count Two, Taxpayers sought a declaration that the ordinance conflicted with R.C. 2923.123 and 2923.126(B)(3) and (7), was invalid, and could have no force or effect. Pursuant to R.C. 2721.03,

> any person whose *rights, status, or other legal relations* are affected by a . . . municipal ordinance . . . may have determined any question of construction or validity arising under the instrument, constitutional provision, statute, rule, ordinance, resolution, contract, or franchise and obtain a declaration of rights, status, or other legal relations under it.

(Emphasis added.)

{¶ 29} "The three prerequisites to declaratory relief include '(1) a real controversy between the parties, (2) justiciability, and (3) the necessity of speedy relief to preserve the parties' rights.'" *Ohioans for Concealed Carry*, 2020-Ohio-6724 at ¶ 30, quoting *ProgressOhio.org*, 2014-Ohio-2382 at ¶ 19. A declaratory judgment action lies when a party challenges a statute as it specifically applies to him or her. *Cool v. Frenchko*, 2022-Ohio-3747, ¶ 17 (10th Dist.), citing *Kuhar v. Medina Cty. Bd. of Elections*, 2006-Ohio-5427, ¶ 13 (9th Dist.)

{¶ 30} R.C. 2921.03 requires "an actual controversy, the resolution of which will confer certain rights or status upon the litigants." *Mid-American Fire & Cas. Co. v. Heasley*, 2007-Ohio-1248, ¶ 9, citing *Corron v. Corron*, 40 Ohio St.3d 75, 79 (1988). An actual or justiciable controversy is defined as a "genuine dispute between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Wagner v. Cleveland*, 62 Ohio App.3d 8, 13 (8th Dist.1988). "[N]ot every case is appropriate for a declaratory judgment action." *Ohio Assn. of Pub. School Emps. v. Schools Emps. Retirement Sys. of Ohio*, 2020-Ohio-3005, ¶ 26. "Thus, in the absence of an actual controversy, a trial court may not render a declaratory judgment." *Id.* Courts have the power to resolve present disputes and controversies, but do not have authority to issue advisory opinions to prevent future disputes. *Johnson v. Keith*, 2013-Ohio-451, ¶ 33 (12th Dist.), citing *Reinbolt v. Natl. Fire Ins. Co. of Hartford*, 2004-Ohio-4845, ¶ 13 (6th Dist.)

{¶ 31} Taxpayers have not alleged that their "rights, status, or other legal relations" have been affected by the ordinance. Taxpayers request for declaratory judgment is solely based on their claim that the ordinance conflicts with state law. But Taxpayers have not asserted any claims regarding their own rights or any present controversies or disputes regarding the carrying of concealed weapons in the City Building when permitted

- 10 -

by the ordinance. Instead, Taxpayers allegations as to the impact of the ordinance on them relate solely to their personal feelings and/or beliefs and political motives concerning gun rights. Taxpayers' declaratory judgment action is (as plainly stated in the complaint), a request for an advisory opinion as to whether the ordinance conflicts with the state statutes prohibiting the carrying of concealed weapons into buildings containing courtrooms. But as described above, courts do not have the authority to issue advisory opinions. *Keith* at ¶ 33. As such, we find that Taxpayers have not presented a real controversy or justiciable issue between the parties and therefore lacked standing to bring a claim for declaratory judgment. *See Calvary Industries, Inc. v. Coral Chem. Co.*, 2019-Ohio-1288, ¶ 11 (12th Dist.).

### III. Conclusion

{¶ 32} Based on the foregoing analysis, we sua sponte find that Taxpayers lacked standing to bring their complaint under R.C. 733.59 and 2721.01. Based on this lack of standing to bring the complaint, we vacate the judgment on appeal.

{¶ 33} Judgment reversed and vacated.

S. POWELL, P.J., and HENDRICKSON, J., concur.